562 F.Supp. 324 (1983)
James JACKSON, Individually and as a Member of a Class of Similarly Situated Individuals
v.
The DEPARTMENT OF PUBLIC SAFETY FOR the STATE OF LOUISIANA, Donald Bollinger, as Secretary of the Department of Public Safety for the State of Louisiana, and G.W. Garrison, Deputy Secretary for the Department of Public Safety for the State of Louisiana.
Civ. A. No. 83-3-A.
United States District Court, M.D. Louisiana.
April 18, 1983.
*325 Dennis R. Whalen, Baton Rouge, La., for plaintiff.
Howard P. Elliott, Jr., Gen. Counsel, Dept. of Public Safety, State of La., Baton Rouge, La., for defendants.
JOHN V. PARKER, Chief Judge.
Plaintiff, James Jackson, attempts to bring this action on behalf of all commissioned Louisiana State Police Officers both past and presently employed by the Department of Public Safety from December 31, *326 1971 until the present and who, during the course and scope of their employment, were required to work in excess of 40 hours per week. The defendants are the Department of Public Safety for the State of Louisiana, employer of the class, Donald Bollinger, Secretary of the Department of Public Safety, and G.W. Garrison, Deputy Secretary of the Department of Public Safety. Plaintiff claims that defendants deprived him of property (earned compensation) without due process of law, acting under color of state law. The class has not been certified.
Jurisdiction is asserted under 42 U.S.C. §§ 1983, 1988 and 28 U.S.C. § 1343 (Plaintiff lists 1983, 1988, Article 3, Rules 23 & 65.
The complaint alleges that under state statutes and regulatory schemes, the members of the class who have worked in excess of 40 hours per week would either be paid overtime rates of one and one-half their hourly pay or they would be credited with what is referred to as compensatory time (comp time or K-time). Plaintiff contends that the payment for overtime is made when the members of the class are credited with comp time on the records of the Department of Safety; that credit is property. Another regulation limits the amount of comp time that can be carried over into the following year. Plaintiff claims that the officers are not allowed to take the time off, and then the compensation is removed from the records under the color of state law through the limitation on the number of hours that can be carried over from one year to another.
Plaintiff's amended complaint revised some of the language of the original and added support for the finding of a class action. Defendant's motion to dismiss lists five grounds: failure to state a claim, no federal question, failure to exhaust administrative remedies, pending state action ongoing, and a sort of Usery-Pullman abstention fashioned by an unusual interpretation of Usery.
Defendants cite no authority in support of their argument to abstain because an action is pending in state court. They simply assert that the same issues were presented to the state court. This court ordered defendants to produce documents supporting that claim; those documents were filed on April 12, 1983. Defendants also argue that this issue really is one of interpreting state law; thus Pullman abstention is proper; and further argue that plaintiff has not availed himself of the grievance procedure under the Civil Service Commission which would provide an adequate remedy.
The plaintiff replies that abstention is generally not favored in civil rights cases, that a pending state action does not preclude a federal court from asserting jurisdiction, that the state law at issue here is clear, making Pullman inapplicable, that plaintiff really means to claim that this case calls for a Burford abstention but that Burford is also inappropriate here because to seek relief via the state would be both lengthy and unsatisfactorymore complete relief may be had through § 1983.
Failure to state a claim: The test is whether plaintiff could prove any set of facts in support of his claim which would entitle him to relief. Jenkins v. McKeithen, 359 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1979). Plaintiff claims that payment for overtime is made when the plaintiffs are credited with comp time on the records of the Department of Public Safety; it is the refusal to permit officers to take the time off, and the removal of that compensation from the records by the defendants under the color of state law (La.Civil Service Rule 11.29(f) given statutory status by Article 10, La. Const.) which is the basis of the complaint and sufficient to support a claim if proven.
Exhaustion of Remedies: The plaintiff makes no claim that he attempted to present his grievance to the Department of Civil Service. The defendants assert that plaintiff's claims should go first through administrative channels. The Civil Service Commission, however, could not rule on the constitutionality of the statutes, although it could interpret the statutes at issue (La. Const. of 1974, Article 5, Section *327 1). (But the constitutionality could be addressed on appeal from the Civil Service ruling which is appealed directly to the Court of Appeal). And, exhaustion of administrative remedies is not a prerequisite to a civil rights suit under § 1983. Wells Fargo Armored Service Corp. v. Georgia Public Service Co., 547 F.2d 938 (5th Cir. 1977); Moreno v. Henckel, 431 F.2d 1299 (5th Cir.1970); Bossier City Medical Suite, Inc. v. City of Bossier City, 483 F.Supp. 633 (W.D.La.1980). Exhaustion of judicial remedies is likewise not a prerequisite. Hall v. Garson, 430 F.2d 430 (5th Cir.1970).
Abstention: Plaintiff filed suit in state court before bringing this action. Defendants filed a copy of the record of the proceedings in state court on April 12, 1983. Based on that record, the procedural history in state court is as follows:
1) Judgment of district court dismissing action for lack of SMJ on December 9, 1982.
2) New trial deniedDecember 13, 1982.
3) Motion granting devolutive appeal February 7, 1983, with a return date of April 6, 1983.
4) Record lodged with the Court of Appeal for the First Circuit March 7, 1983.
The petition filed in state court is virtually identical to that filed in federal court except that the state court petition is more detailed. Plaintiff asks for relief based on the Constitution of Louisiana, the Constitution of the United States (5th and 14th Amendments), and in Paragraph 9 he states that
this action is brought both under the Louisiana State Law, and under the laws of the United States, particularly Title 42, Section 1983 and 1988, it being a deprivation of civil rights to property, guaranteed by the Constitution of the United States, said deprivation occuring under the color of state law, particularly Civil Service Rule 11.29, and, therefore, pursuant to Title 42, Section 1988, the plaintiffs are entitled to have the defendants pay reasonable attorney fees for bringing the prosecution of this action
Both actions pray for damages for all earned and accumulated comp time divested by action of the defendants and for attorney's fees; the federal court action has an additional prayer for punitive damages from the individual defendants found liable.
Abstention from the exercise of federal jurisdiction is the exception, not the rule. Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The United States Supreme Court recently reiterated its holding in Colorado River that a federal district court may decline to exercise its jurisdiction because of parallel state-court litigation only in exceptional circumstances; only the clearest of justifications will warrant dismissal. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., ___ U.S. ___, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Rejecting a hard and fast rule for dismissals of this type, the court described factors that must be carefully balanced on a case by case basis in order to reach a decision of whether or not to dismiss a federal action because of parallel state-court litigation. No one factor is determinative, and the relative weights of the factors will vary depending upon the factual situation in a given case. The exercise of jurisdiction by the federal court, however, always should be favored heavily.
The four major factors first set out by Colorado River and reaffirmed by Moses H. Cone are an assumption by either court of jurisdiction over any res or property, the inconvenience of a federal forum to the parties, the desirability of avoiding piece-meal adjudication, and the order in which the state and federal courts obtained jurisdiction.
Rather than dismissing an action, a federal court may choose instead to stay the federal action to permit a state court to decide the case first. But because the staying of a federal action often has the same practical effect as a dismissal, the same considerations present in a Colorado River abstention-type case are likewise applicable to a decision of whether or not to stay a federal action. The policy behind the federal *328 court's staying of its hand lies in the recognition that to "duplicate litigation in federal and state courts abrades to some extent the spirit of federal-state comity," PPG Industries, Inc. v. Continental Oil Co., 478 F.2d 674, 680 (5th Cir.1973) and, that duplication of efforts is inefficient, uneconomical, and imposes on "the litigants and the witnesses the double burden of two trials" Id. A final policy consideration justifying the staying of an action is the avoidance of the inevitable and undesirable race by each of the litigants to get a judgment in his favor. Id.
In PPG Industries the court explained the factors which should be considered by a district court in deciding whether to stay a suit pending a resolution in state court involving the same parties and the same issues. The district court's evaluation basically is centered around whether the state action provides an adequate vehicle for adjudicating the claims of the parties and whether the federal action serves some purpose beyond mere duplication of effort. Answering these basic questions calls for further inquiry into these areas, such as which action arose first, the progress of the respective litigations, the ability of the state to hear and to provide relief for all the claims, the amenability of the parties to suit in state court, the effect of a stay on the litigants, etc. Id.
In addition to the general factors militating against the abstention or staying in any case brought before a federal court, the court is even more reluctant to decline to hear a civil rights case. Wall v. Hardwick, 419 U.S. 88, 95 S.Ct. 166, 42 L.Ed.2d 134. But a distinction must be made between ordering a plaintiff to exhaust his remedies in state court where he has chosen to present his claim first to federal court and ordering a stay of the federal action where the plaintiff clearly has chosen to present his claim first to a state court. The first order is generally not available to a federal district court; the second is discretionary with that court. Patsy v. Board of Regents, 457 U.S. 496, 102 S.Ct. 2557, 2563, 73 L.Ed.2d 172 (1982).
Citing PPG Industries, supra, among its authorities, the federal district court dismissed an action brought under 42 U.S.C. § 1983 where there was a parallel on-going state proceeding with identical issues and parties, Atchison v. Nelson, 460 F.Supp. 1102 (D.C.Wyo.1978). In another civil rights case the Court of Appeals remanded to the district court with instructions that abstaining from deciding the federal action on the grounds that concurrent state action was then pending was proper, but the federal action should be stayed rather than dismissed. Western Food Plan, Inc. v. MacFarlane, 588 F.2d 778 (10th Cir.1978).
This case presently before the court likewise calls for a stay of the federal action pending the outcome of the state proceedings. The state court proceeding is virtually identical to the federal court action. It was filed December 31, 1981, and is presently before the Louisiana Court of Appeal. An examination of the record reveals that the same issues are raised in the state court that are raised in this court. The proceeding in this court is in its earliest stages; the petition was filed January 3, 1983. This motion constitutes the court's first and only action on this case.
A judgment favorable to plaintiff by the Court of Appeal would obviate the need of this court to render a decision. Since plaintiff's grounds for relief encompass both the federal and state constitutions, and the interpretation of state law, it is quite possible that plaintiff could obtain the relief he seeks without the need of resorting to the federal Constitution. And since plaintiff has presented his federal constitutional claims to the state court, he has access to the federal court system by way of appellate review.
If plaintiff's dismissal for lack of subject matter jurisdiction is upheld by the state's appellate courts, plaintiff is then free to choose whether to pursue his administrative remedies through the Civil Service Commission or to present his claims at that time to this court. This is an appropriate case to stay federal proceedings.
*329 Accordingly, all proceedings in this action are hereby STAYED, pending resolution of related litigation in state court.