Linda KIEFER,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

**Civil Action No. 95–2674.**

United States District Court,
E.D. Louisiana.

Feb. 29, 1996.

See also, 626 So.2d 962.

Russ M. Herman, James C. Klick, Herman, Herman, Katz & Cotlar, New Orleans, LA, for plaintiff.

James Ryan, III, Glen Mercer, Sessions & Fishman, New Orleans, LA, for defendant.

## ORDER

PORTEOUS, District Judge.

Before the Court is plaintiff's motion to remand a bad faith suit filed pursuant to Louisiana Revised Statutes 22:658 and 22:1220. State Farm Mutual Automobile Association [hereafter State Farm], which filed a Memorandum in Opposition to Plaintiff's Motion to Remand, removed the bad faith action to federal court on August 16, 1995 on the basis of diversity under 28 U.S.C. § 1332. This bad faith complaint was triggered by a 12–year old suit over an insurance claim and whether State Farm owes pre-judgment interest amounting to over $160,000.

The plaintiff, Linda Kiefer, [hereafter Kiefer] argues for remand on the grounds that the Petition for Removal was not filed within 30 days after receipt by the defendant of a copy of the "initial pleading" filed in January 1984. Alternatively, plaintiff argues for removal on the grounds that the bad faith action is supplemental and/or incidental to the pre-judgment proceeding pending in state court and therefore must be remanded.

After consideration of the memoranda and the record, the Court denies plaintiff's motion to remand and orders that proceedings on the bad faith action properly removed to federal court by the defendant be stayed until the underlying liability issue now on appeal in state court is resolved in that forum.

## BACKGROUND

In January 1983, Linda Kiefer sustained two ruptured disks in her lower back when a 18–wheeler changed lanes and hit her car. On January 4, 1984, Kiefer filed a suit against the truck driver who hit her, the driver's employer [Southern Freightways] and the insurance company [Carriers Insurance] for both the driver and the company. Carriers Insurance was eventually declared insolvent and Kiefer amended her petition twice such that the final line-up of defendants

in 1988[1] included the driver, Southern Freightways, Florida Guaranty Association (FIGA) and State Farm which was *plaintiff's* UM carrier. At this time there was complete diversity but no party sought to remove this matter to federal court.

Plaintiff's brief says that after "several Amended Petitions, including one Amended Petition seeking penalties and punitive damages against State Farm for its failure to tender any amounts owed under its policy" the matter went to trial on October 26, 1992 before Judge Katz in Civil District Court, Parish of Orleans, State of Louisiana. (Plaintiff's brief, page 2). The jury found that Southern Freightways was negligent and awarded damages of $165,143.

Pre-judgment interest (which amounted to $164,000) was not awarded because under Florida law FIGA was immune from paying any pre-judgment interest. Kiefer appealed this ruling saying that even if FIGA was immune then State Farm, under its UM policy, was liable for the pre-judgment interest. State Farm's defense was that coverage should be determined at the time of the accident and not a year later whereupon its alleged liability to pay the claim was triggered by Carrier Insurance's insolvency.

On November 18, 1992, the Fourth Circuit Court of Appeal issued a ruling that did not bode well for State Farm. The insurance company filed a Petition for Rehearing that was denied by the Fourth Circuit and a Writ to the Louisiana Supreme Court which was also denied.

Further procedural maneuvers resulted in yet another set of rulings by the Fourth Circuit and Louisiana Supreme Court unfavorable to State Farm on the pre-judgment interest issue. Subsequently, the Civil District Court, Parish of Orleans awarded Kiefer pre-judgment interest against State Farm in excess of $50,000 on June 15, 1995. Two weeks later in an unrelated case a decision from the Louisiana Supreme Court [*Martin v. Champion Ins. Co. et al.*, 656 So.2d 991 (1995)] suggested that State Farm's UM pol-icy coverage could include the entire pre-judgment interest regardless of policy limits.

On July 19, 1995, State Farm took a suspensive appeal from the Orleans Parish District Court. On July 25, 1995, Kiefer filed the bad faith suit against State Farm. Kiefer says she was prevented from filing this action in an Amended Petition to the liability suit because pursuant to La.C.C.P. 2088, a suspensive appeal in an on-going state proceeding denies the district court's jurisdiction to allow amendments to the pleadings.

### THE ARGUMENTS

#### A. Remand

■ The Fifth Circuit recognizes only three grounds for remanding a case and this suit satisfies none of them. The three grounds are: lack of subject matter jurisdiction; defects in removal procedure; and the predominance of pendent state claims. If a case has been properly removed, and the motion for remand is not based on one of these three grounds, the court must retain the case. *Lillie v. Wyeth–Ayerst Laboratories*, 1994 WL 532091 (E.D.La.1994), *citing Buchner v. F.D.I.C.*, 981 F.2d 816, 820 (5th Cir.1993).

As for the first ground, subject matter jurisdiction clearly exists through 28 U.S.C. § 1332.

■ On the second ground, this court sees no defects in the removal procedure. This bad faith suit, which was filed on July 25, 1995, was timely removed on August 16, 1995. Plaintiff's assertion that it would have been appended to the original insurance suit filed in 1984 does not change the fact that the claim before this court is a *separate* action from the initial pleading. The Plaintiff's argument that the bad faith suit is similar to a garnishment proceeding and therefore is supplemental and not a separate action is contravened by wide circuit agreement that garnishment proceedings are independent actions. *Wausau Insurance Companies v. Koal Industries International, Inc.*, 811 F.Supp. 399 (S.D.Ind.1991) *citing Berry v. McLemore*, 795 F.2d 452 (5th Cir.1986);

---

1. One of the changes included the Plaintiff voluntarily dismissing her claim against Louisiana Insurance Guaranty Association on May 2, 1988.

Without this defendant, there was complete diversity for removal purposes. (Plaintiff's Exhibit "C").

*Randolph v. Employers Mutual Liability Ins. Co. Of Wisconsin,* 260 F.2d 461 (8th Cir.1958); *Swanson v. Liberty National Ins.,* 353 F.2d 12 (9th Cir.1965); *Cf. Joe v. Marcum,* 621 F.2d 358 (10th Cir.1980).

█ As for the third ground, there are no pendant state claims because there is no federal question in this action. There appears to be some confusion in both parties' briefs about this point as they cite cases which depend on an interpretation of 28 U.S.C. § 1441(c)[2] that pre-dates the 1990 amendment.

According to the commentary accompanying 28 U.S.C.A. § 1441, pursuant to the 1990 amendment, diversity no longer invokes removal under subdivision (c). Concerning the remand language in § 1441(c), the commentary says:

> "The new language recognizes that the only basis now allowable for a subdivision (c) removal is the federal nature of the claim being removed.... If the federal court finds that the federal claim ... is only an incident or adjunct of the state claim, and that the state claim is the crux of the action, the federal court can remand all claims in which it finds that state law 'predominates'."

Siegel, David, *Commentary on 1988 and 1990 Revisions of Section 1441,* 28 U.S.C. 1441, page 11–12.

Therefore under the 1990 amendment, the parties' case authority discussing "separate" or "independent" claims does not apply here because there is no federal question. Since there is no federal question, there is no pendant jurisdiction. Therefore, plaintiff's motion to remand must be denied.

B.  Stay the Proceedings

█ A "bad faith" insurance claim, by its nature, does not stand alone but is triggered by a dispute over whether an insurer is obliged to pay a claim. Plaintiff's brief clearly spells out that the bad faith cause of action was filed when she believed that the insurance company was obstinately refusing to make pre-interest payments despite various state court rulings. Thus the issue underlying the bad faith claim is whether State Farm is liable for pre-judgment interest and that liability question is now on appeal before a state court after many years and considerable scrutiny by the local bench. For this Court to rule on the bad faith claim, would effectively require hearing the same arguments on the liability question while an appeal is pending in state court.

The undersigned notes that given the many years the original complaint has crisscrossed across the state court system, State Farm's removal gives the appearance of pitting the state and federal benches in a race to a decision on the liability issue. In order to avoid such a race and for the sake of judicial economy, proceedings on the bad faith claim will be stayed in the federal forum until the state appeal process on State Farm's liability is exhausted. In *Jackson v. Department of Public Safety for State of Louisiana,* 562 F.Supp. 324 (M.D.La., 1983), the Court held that a policy consideration justifying the staying of an action is the "avoidance of the inevitable and undesirable race by each of the litigants to get a judgment in his favor." *Id.* at 328 *citing PPG Industries, Inc. v. Continental Oil Co.,* 478 F.2d 674, 680 (5th Cir.1973). The *Jackson* court also noted that other policy considerations behind the federal court's staying of its hand lies "in the recognition that to 'duplicate litigation in federal and state courts abrades to some extent the spirit of federal-state comity.'" *Id.* at 327 *quoting PPG Industries,* 478 F.2d at 674. The *Jackson* court continued its opinion: "[T]hat duplication of efforts is inefficient, uneconomical, and imposes on 'the litigants and the witnesses the double burden of two trials.'" *Id.* at 328 *quoting PPG Industries,* 478 F.2d at 680.

In *Jackson,* the state and federal court proceedings which were "virtually identical" (*Id.* at 328), concerned deprivation of proper-

---

2.  The current 28 U.S.C.A. § 1441(c) says:
    Whenever a separate and independent claim or cause of action ... conferred by § 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the en-tire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

ty without due process of law. Despite the fact that a federal question rather than diversity was the ticket to federal court, the *Jackson* court ruled to stay proceedings because a parallel issue was before the state court of appeal. The *Jackson* court said that staying of a federal action often has the same practical effect as a dismissal and therefore resembled abstention. *Id.* at 327. This Court, however, stresses that it recognizes that plaintiff's bad faith claim is a separate cause of action from her original pleading and that de facto dismissal is not the case here.

The bad faith action was properly removed to the federal forum and is not dismissed but will be stayed until the underlying issue of State Farm's liability now on appeal in state court has been resolved.

Accordingly;

Plaintiff's motion to remand is DENIED.