**Barry BECKER, Plaintiff,**

v.

**Robert SILVERMAN, Defendant.**

**No. 85 Civ. 6757 (CHT).**

United States District Court,
S.D. New York.

June 24, 1986.

Mark M. Horowitz, Floral Park, N.Y., for plaintiff.

Harold Wm. Suckenik, New York City, for defendant.

## OPINION

TENNEY, District Judge.

The plaintiff in this action, Barry Becker ("Becker"), contends that the defendant, Robert Silverman ("Silverman"), violated Section 10(b) ("§ 10(b)") of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. 78j, by making certain misrepresentations in connection with the purchase of stock. In addition, the amended complaint sets forth pendent state law claims for common law fraud and breach of fiduciary duty.[1] The defendant has filed a motion pursuant to Fed.R.Civ.P. ("Rule") 12(b)(6) and 9(b) for an order dismissing the plaintiff's amended complaint for failure to state a claim, and pursuant to Rule 56 for summary judgment. The defendant also argues that the entire matter should be sent to arbitration.

For the reasons set forth below, the defendant's motion to dismiss the action and for summary judgment is denied. Those claims asserted by the plaintiff, which do not arise under the Exchange Act, however, are to be arbitrated, and this action is stayed pending arbitration.

## BACKGROUND

In 1981, Becker and Silverman established a retail micro computer business, Computer Center, Inc. ("CCI"), which sold and serviced micro computer hardware and software.[2] Silverman and Becker entered into a written Shareholders' Agreement ("Agreement") on December 1, 1981, which provided that they would each own 100 shares of common stock. They were the sole shareholders.

The Agreement stated that they would both "vote their stock in the Corporation so that each [of them would] be a Director ... [and] an Officer of the Corporation." The Agreement also included an arbitration clause which provided that any dispute relating to or arising out of the Agreement would be resolved by arbitration.

---

1. The complaint asserts that jurisdiction is based on both federal question and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

2. CCI was originally known as Digibyte Systems, Corp.

On January 1, 1983, Becker and Silverman entered into another agreement ("1983 Agreement"), whereby Silverman purchased 25 shares from Becker for $25,000. As a result of that transaction, Silverman owned 125 shares, which was 62.5 per cent of the corporation's shares, and Becker owned 75 shares—37.5 per cent. The 1983 Agreement specified that despite the sale and transfer of shares, all of the terms and provisions of the original Agreement were to remain in full force and effect.

It is undisputed that on April 4, 1984, Silverman took certain actions which were intended to prevent Becker from continuing as an employee, officer, or director of the corporation. Silverman ceased paying Becker any salary, barred Becker from CCI's corporate headquarters, and changed the computer "password" for sales records of the CCI stores.

*The Litigation Saga*

Two weeks after Becker was "fired," he instituted an action in New York State Supreme Court, seeking a preliminary injunction against Silverman. *Becker v. Silverman*, No. 09346/83, slip op. (N.Y. Sup.Ct. Apr. 26, 1984).[3] The court denied Becker's application, stating that arbitration was the appropriate forum for resolving the parties' dispute.

Becker subsequently instituted a dissolution proceeding in New York State Supreme Court, in which he sought to have CCI dissolved as a corporation. *Becker v. Silverman*, No. 21573–84, slip op. (N.Y. Sup.Ct. Mar. 12, 1985). In March 1985, the court concluded that the dispute should be arbitrated rather than litigated. The court dismissed the dissolution proceedings and directed the parties to proceed to arbitration. Despite the court's order, however, arbitration proceedings have not been initiated.

Becker made the next move by demanding the right to examine the books and records of CCI, pursuant to N.Y.B.C.L. § 624 (McKinney 1963). Shortly after

Becker made his demand, Silverman instituted an action against Becker in New York State Supreme Court asking the court to cancel Becker's shares. Silverman contended that Becker had never actually paid for his shares in CCI because he had not made any capital contribution for the pertinent shares. That case is still pending. Becker responded by instituting this action.

## DISCUSSION

### 1. *Dismissing the Action*

■ The defendant has moved for summary judgment pursuant to Rule 56. Summary judgment is appropriate only when there is no genuine issue of material fact, and the moving party is entitled to summary judgment as a matter of law. *See Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 444 (2d Cir.1980). In this instance there are numerous disputed questions of fact. The plaintiff contends that Silverman made certain material misrepresentations in connection with his purchase of CCI shares from Becker. Specifically, the plaintiff alleges that Silverman represented that both parties would continue to share equally in the management and control of the corporation. Silverman denies this, and claims that it was the plaintiff who made false statements in connection with the transaction. Silverman contends that he agreed to purchase Becker's shares because Becker stated he would refrain from exercising control over the corporation, and Silverman would have complete control. These are issues of fact that cannot be resolved on a motion for summary judgment. Therefore, the defendant's motion for summary judgment is denied.

■ The defendant has also moved, although without much conviction or effort, to dismiss the action for a variety of other reasons, none of which has any merit. The defendant argues that the plaintiff's amended complaint should be dismissed for failure to state a claim upon which relief

---

**3.** Becker also sought a permanent injunction against Silverman, and a mandatory injunction ordering Silverman to restore Becker to the payroll. In addition, Becker contended that he had been defamed by Silverman.

can be granted and for failure to plead fraud with the requisite specificity. *See* Rules 12(b) and 9(b). The Court rejects both of these arguments. The amended complaint has adequately identified the facts upon which the plaintiff's claims rest, and the defendant has been given enough information to frame a response. *See Ross v. A.H. Robins Co.*, 607 F.2d 545, 558–59 (2d Cir.1979), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980).[4]

▆ In addition, the defendant has moved to dismiss the action for failing to comply with Rule 23.1, which identifies the elements that must exist in order to assert a shareholder's derivative action. Rule 23.-1, however, does not apply to the case at bar, because the action is not a derivative action. The plaintiff is asserting a claim under the securities laws for his own alleged injury. He is not asserting a cause of action on behalf of the corporation. *See Kalmanovitz v. G. Heileman Brewing Co., Inc.*, 769 F.2d 152, 159 (3d Cir.1985) (A derivative action under § 10(b) can only be maintained if the corporation itself was a purchaser or seller of the relevant securities.). Thus, the defendant's motion to dismiss the action is denied in all respects.

### 2. Arbitration

The defendant contends that under the doctrines of res judicata and collateral estoppel the plaintiff's claims in this action must be arbitrated, rather than litigated, based on the 1985 decision issued by the New York State Supreme Court. *Becker v. Silverman*, No. 21573–84, slip op. (N.Y. Sup.Ct. Mar. 12, 1985).[5] In that case, the court dismissed Becker's petition for dissolution of the corporation, and held that the dispute between Becker and Silverman should be arbitrated rather than litigated.

The doctrines of collateral estoppel and res judicata deal with the question of whether the adjudication of certain matters is precluded by prior adjudication. *See Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466 n. 6, 102 S.Ct. 1883, 1889 n. 6, 72 L.Ed.2d 262 (1982). The doctrine of collateral estoppel may be invoked where an issue of fact or law has been litigated and determined in a prior proceeding in which the determination was essential to the judgment, and there was a full and fair opportunity to contest the decision now said to be controlling. *See Tucker v. Arthur Andersen & Co.*, 646 F.2d 721, 728 (2d Cir.1981); *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 501, 478 N.Y.S.2d 823, 827, 467 N.E.2d 487, 491 (1984). "[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation." *United States v. Mendoza*, 464 U.S. 154, 158, 104 S.Ct. 568, 574, 78 L.Ed.2d 379 (1984).

In the case at bar, the plaintiff is making the same allegations that he made in the state court action, and the plaintiff's claims in both actions are based on the same foundation facts. The plaintiff contended in the state court action that Silverman was "guilty of illegal, fraudulent and oppressive actions towards [Becker] and that the property or assets of the corporation are being wasted or diverted for noncorporate purposes by the said Robert Silverman." *See* Becker's Petition for Dissolution. The state court held that those claims had to be arbitrated pursuant to the arbitration clause contained in the Shareholders' Agreement which Becker and Silverman had signed.[6]

---

**4.** The defendant contends that the plaintiff is merely disguising this action as one which arises under the securities laws, and that the plaintiff is, in fact, simply attempting to gain control over the corporation, or to obtain "damages for his ouster from joint control of CCI." This argument fails because the amended complaint adequately alleges the requisite elements of a securities law violation. *See Schlick v. Penn-Dixie Cement Corp.*, 507 F.2d 374, 381 (2d Cir.1974), *cert. denied*, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975).

**5.** *See* Defendant's Notice of Motion, Exh. 4 of Exhibit B.

**6.** The Shareholders' Agreement, signed on December 1, 1981, states in relevant part: "Any dispute relating to, or arising out of this agreement, shall be resolved by arbitration." When

It appears that the plaintiff was displeased with the state court's decision directing the parties to arbitrate, and therefore brought this action in federal court, hoping to get a different decision. A litigant, however, is entitled to only one opportunity to litigate an issue, and will not be permitted to burden the courts with repetitive litigation. *See Mendoza,* 464 U.S. at 159, 104 S.Ct. at 568.

■ The claims being asserted by the plaintiff in this case concern exactly the same conduct that gave rise to the state court proceeding. There are no new facts, and the plaintiff's state law claims—set forth in the second cause of action—mirror the claims previously alleged in the state court proceeding. Specifically, the amended complaint alleges that Silverman wrongfully terminated Becker and barred him from the corporate premises, and that Silverman has mismanaged the corporation and improperly converted cash and physical assets belonging to the corporation for his own use. *See* Amended Complaint ¶¶ 22-32. The Court concludes that, in light of the prior state court decision, the plaintiff's state law claims must be arbitrated.

■ Becker's first cause of action in the instant case arises under the securities laws, and the Second Circuit recently held that § 10(b) claims cannot be arbitrated. *See McMahon v. Shearson/American Express, Inc.,* 788 F.2d 94 (2d Cir.1986). Thus, the state court order directing the parties to arbitrate their dispute has no impact on the plaintiff's first cause of action. However, in *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985), the Supreme Court held that when securities claims and state law claims that arise out of the same facts are joined, and there is an agreement to arbitrate, the state law claims must be arbitrated. The parties are therefore directed to arbitrate all claims except for the § 10(b) claim.

### 3. *Waiver*

■ The plaintiff argues that the defendant has waived his right to request arbitration. As previously noted, the defendant instituted an action against plaintiff in state court in 1985, asking the court to cancel Becker's shares in CCI. The plaintiff argues that commencing such an action was inconsistent with the right to arbitrate, and constituted a waiver of that right.

There is an overriding federal policy favoring enforcement of arbitration agreements, however, and waiver is not to be lightly inferred. *See Midwest Window Systems, Inc. v. Amcor Indus., Inc.,* 630 F.2d 535, 536 (7th Cir.1980); *Gavlik Constr. Co. v. H.F. Campbell Co.,* 526 F.2d 777, 783 (3d Cir.1975). Any doubts concerning whether an issue is arbitrable should be resolved in favor of arbitration, including allegations of waiver. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

It is not the inconsistency of a party's actions, "but the presence or absence of prejudice which is determinative of the issue" of waiver. *Carcich v. Rederi A/B Nordie,* 389 F.2d 692, 696 (2d Cir.1968); *see Sweater Bee By Banff, Ltd. v. Manhattan Inds.,* 754 F.2d 457, 466 (2d Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 68, 88 L.Ed.2d 55 (1985); *Lubrizol Int'l, S.A. v. M/V Stolt Argobay,* 562 F.Supp. 565, 572-73 (S.D.N.Y.1982). In this instance, there is no indication that the plaintiff has been prejudiced as a result of the defendant's having instituted an action in state court. It appears that there has been little or no discovery conducted in the state court action, *see* Plaintiff's Memorandum of Law at 10, and there has been no significant delay as a result of the state court proceeding. In addition, the defendant has repeatedly asserted his right to arbitration. Since the

Silverman purchased twenty-five CCI shares from Becker in 1983, Silverman and Becker signed an agreement which states that "all of the terms and provisions of the Shareholders Agreement of December 1st, 1981, ... [shall] remain in full force and effect[.]" Neither party has argued that the state law claims are not within the scope of the arbitration agreement.

plaintiff has failed to show any prejudice resulting from the defendant's action, the Court concludes that the defendant did not waive his right to arbitrate.

## CONCLUSION

For the reasons set forth above, the parties are directed to arbitrate all claims except for the § 10(b) claim. Although the Court will retain jurisdiction over the plaintiff's § 10(b) claim, the action will be stayed pending the completion of the arbitration. *See Home Life Ins. Co. v. Kaufman,* 547 F.Supp. 833, 835 (S.D.N.Y.1982) ("Where there are arbitrable as well as non-arbitrable claims in a complaint, a stay of the litigation pending arbitration is appropriate[.]"). *See also Gavlik Const. Co. v. H.F. Campbell Co.,* 526 F.2d at 783 ("[T]he power of a court to order a stay of proceedings pending arbitration ... is inherent in the court itself."); *Contracting Northwest, Inc. v. Fredericksburg,* 713 F.2d 382, 387 (8th Cir.1983) ("[T]he district court had the inherent power to grant the stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it."); *Nederlandse Erts-Tankersmaatschappij v. Isbrandtsen Co.,* 339 F.2d 440, 441 (2d Cir.1964) ("[T]he district court had inherent power to grant the requested stay[,]" even absent authority to do so under the Arbitration Act, 9 U.S.C. § 3.).

In light of the state court decision, it would be inappropriate to permit the parties to litigate their dispute prior to some resolution by an arbitrator, and arbitration may help to clarify and simplify the issues to be litigated. If the parties had not disregarded the state court's order to proceed to arbitration, then it would not be necessary to stay the current action, since arbitration would have already been completed. The action will be placed on the suspense docket. Either party, however, may move to vacate the stay if arbitration is unduly delayed.

So Ordered.