Application of GRAPHIC SCANNING
CORPORATION, Petitioner,

For an Order Pursuant to Article 75 of
the CPLR Staying Arbitration of a
Certain Controversy

v.

Barry YAMPOL, Respondent.

No. 87 Civ. 2455 (MGC).

United States District Court,
S.D. New York.

Jan. 13, 1988.

See also, 677 F.Supp. 256.

Shea & Gould, New York City, by Richard M. Goldstein, Clifford James, Karen Frieman, David Picon, and Willkie Farr & Gallagher, New York City, by Mitchell Auslander, for petitioner.

Shearman & Sterling, New York City, by Joseph T. McLaughlin, Robert F. Dobbin, Matthew J. Brief, Barbara A. Breen, Edward Han, Guy V. Amoresano, for respondent.

OPINION

CEDARBAUM, District Judge.

This is a petition to stay arbitration pursuant to New York CPLR § 7503(b). The petition was brought in the Supreme Court of the State of New York, New York County, which issued a temporary restraining order staying the arbitration. The action was then removed to this court, where diversity jurisdiction exists. The temporary restraining order has remained in effect.

Respondent, Barry Yampol, seeks to arbitrate a dispute over his right to retire-

ment benefits under a 1970 Employment Agreement with petitioner, Graphic Scanning Corporation ("Graphic"). Graphic contends that Yampol has waived his right to arbitrate the dispute by his conduct in two pending litigations. For the reasons discussed below, the petition is denied.

## BACKGROUND

Until May 2, 1986, Yampol was the chairman and chief executive officer of Graphic, a corporation in the communications and information-handling business. On July 1, 1970, Yampol entered into a written employment agreement (the "1970 Agreement") with Graphic, which provided for certain retirement benefits to be paid to Yampol beginning when he reached the age of 55 or upon his retirement, whichever occurred later. The 1970 Agreement included an arbitration clause, which stated that "[a]ny controversy or claim arising out of or relating to this Agreement, or breach thereof, shall be submitted to and resolved by Arbitration ..."

In 1981, Graphic and Yampol entered into a separate agreement (the "1981 Agreement"), which permitted Yampol to purchase a 12½ percent equity interest in certain new ventures of Graphic, and allowed him to purchase 985,250 shares of a Graphic subsidiary at a cost of $.01 per share. In October or November 1985, Graphic's Board proposed a settlement of Yampol's rights under the 1981 Agreement. Although the Board's resolutions were rescinded in January, a settlement was reached on February 7, 1986 (the "85–86 Settlement"). In exchange for abandoning his rights under the 1981 Agreement, Yampol was to receive from Graphic its syndicate division, its ownership interest in certain partnerships, and certain options. In addition, as part of the settlement, the 1970 Agreement was amended so that "Retirement Benefit" would be defined as equal to $500,000 per year, and so that Yampol's term of employment would be calculated from June 30, 1968. Neither party has claimed that either the 1981 Agreement or the 85–86 Settlement contained an arbitration clause.

On June 2, 1982, a shareholder's derivative suit was brought in the Delaware Court of Chancery (the "Delaware action") by a Graphic shareholder, Mordecai Bluth, charging Yampol and others with various breaches of their fiduciary duties. Yampol and the then-directors of Graphic were named as defendants, as was Graphic. The parties engaged in only minimal discovery, and the action was quiescent for several years. On January 2, 1986, Bluth filed a Second Amended Complaint, which included allegations concerning the 85–86 Settlement of the 1981 Agreement. The Second Amended Complaint specifically challenged, *inter alia*, the retirement benefits granted under the amendment to the 1970 Agreement as an improper gift, constituting waste, in violation of the defendants' fiduciary duties. It sought, along with other relief, an injunction against enforcement of the amendment to the 1970 Agreement.

Yampol answered the Second Amended Complaint together with the other Graphic directors, denying any breach of fiduciary duty, improper gift, or waste. Yampol and the directors raised six affirmative defenses, including the business judgment rule, plaintiff's failure adequately to justify his failure to serve a demand on Graphic's directors, the statute of limitations and laches, estoppel, and failure to state a claim. Yampol did not raise as a defense his right to arbitrate all disputes related to the 1970 Agreement.

On May 13, 1986, a new Board of Directors of Graphic rescinded the 85–86 Settlement, including the amendment to the 1970 Agreement. On March 11, 1987, Yampol served a demand to arbitrate his claims to retirement benefits under the 1970 Agreement, seeking a declaration of his rights under the Agreement, or, in the alternative, a monetary award equal to the present value of the benefits he claims. That same day he filed a complaint in the Southern District of New York, styled *Yampol v. Amster et al.*, 87 Civ. 1619 (MGC) (the "New York action"). In the New York action, Yampol seeks specific performance of, or damages under, the 1981 Agreement, as settled in the 85–86

Settlement. He also seeks to receive certain severance payments which he claims were independently awarded to him by Graphic on February 7, 1986.

Graphic contends that Yampol has waived his right to arbitrate the dispute over his retirement benefits under the 1970 Agreement—first, by failing to raise his right to arbitrate as a defense in the Delaware action, and second, by bringing the New York action.

## DISCUSSION

■ Arbitration provisions included in a contract "evidencing a transaction involving commerce," 9 U.S.C. § 2, are governed by the Federal Arbitration Act, 9 U.S.C. §§ 1–14, which supplants any inconsistent state law. *Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). The 1970 Agreement was an employment contract which provided for compensation and retirement benefits to Yampol in exchange for his work in an executive capacity at Graphic. According to Yampol's complaint in the New York action, Graphic is a Delaware corporation, headquartered in New Jersey, some of whose activities are regulated by the Federal Communications Commission. The 1970 Agreement included a restrictive covenant, providing that Yampol would not engage in any business similar to Graphic's in the greater New York metropolitan area, New Jersey or Connecticut. For all of these reasons, this is a contract involving interstate commerce within the meaning of the Federal Arbitration Act. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 401 & n. 7, 87 S.Ct. 1801, 1805 & n. 7, 18 L.Ed.2d 1270 (1967); *Erving v. Virginia Squires Basketball Club,* 468 F.2d 1064, 1068–69 (2d Cir.1972); *GAF Corp. v. Werner,* 106 A.D.2d 41, 44, 484 N.Y.S.2d 12 (1st Dept.), *rev'd on other grounds,* 66 N.Y.2d 97, 495 N.Y.S.2d 879, 485 N.E.2d 977 (1985). Thus, even though this petition was brought under state law, the "body of federal substantive law" of arbitration applies. *Southland Corp. v. Keating,* 465 U.S. at 12, 104 S.Ct. at 859, quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 25 & n. 32, 103 S.Ct. 927, 941 & n. 32, 74 L.Ed.2d 765 (1983). Federal law applies notwithstanding ¶ 13 of the 1970 Agreement, which states, "This Agreement is intended to be governed by and interpreted, construed and enforced in accordance with the laws of the State of New York (except with respect to its choice of laws rules)." *See Northern Illinois Gas Co. v. Airco Industrial Gases,* 676 F.2d 270, 274–75 (7th Cir.1982); *Smith v. Pay–Fone Systems, Inc.,* 627 F.Supp. 121, 123–24 (N.D.Ga. 1985).

Federal policy favors arbitration as a method of dispute resolution, and requires that courts " 'rigorously enforce agreements to arbitrate.' " *Shearson/American Express, Inc. v. McMahon,* —— U.S. ——, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987), quoting *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 221, 105 S.Ct. 1238, 1242, 84 L.Ed.2d 158 (1985). Arbitration must be allowed to proceed even if it would result in "the possibly inefficient maintenance of separate proceedings in different forums," *Byrd,* 470 U.S. at 217, 105 S.Ct. at 1241, or the piecemeal resolution of issues, *see Moses H. Cone Memorial Hospital,* 460 U.S. at 20, 103 S.Ct. at 939. Therefore, if this arbitration is to be stayed, it must be on some ground other than efficiency or duplication of effort. *See GAF Corp. v. Werner,* 66 N.Y.2d 97, 495 N.Y.S.2d 312, 485 N.E.2d 977 (1985), *rev'g* 106 A.D.2d 41, 484 N.Y.S.2d 12 (1st Dept. 1985), *cert. denied,* 475 U.S. 1083, 106 S.Ct. 1463, 89 L.Ed.2d 720 (1986).

Graphic contends that Yampol has waived his right to arbitrate by his litigation activity in the Delaware and New York actions. In deciding the question of waiver, as a matter of federal law I must resolve all doubts against waiver and in favor of arbitration. *Moses H. Cone Memorial Hospital,* 460 U.S. at 24–25, 103 S.Ct. at 941. A waiver "due to participation in litigation may be found only when prejudice to the other party is demonstrated." *Rush v. Oppenheimer & Co.,* 779 F.2d 885, 887 (2d Cir.1985).

### A. *Delaware Action*

■ Graphic points out that Yampol's rights under the 1970 Agreement, as amended in 1986, were directly at issue in the Delaware action as of January 2, 1986, when the Second Amended Complaint was filed. Graphic also notes that, since the Delaware action was brought derivatively on behalf of Graphic, Yampol could have asserted his right to arbitrate this claim in his answer. Instead his answer consisted of a denial and affirmative defenses on the merits. For well over a year after the filing of the Second Amended Complaint, Yampol left the Delaware action pending without asserting his right to arbitrate.

These circumstances do not demonstrate that Graphic has suffered the type of prejudice that would justify a finding of waiver. In *Rush v. Oppenheimer*, 779 F.2d 885 (2d Cir.1985), the defendants filed a motion to dismiss, answered the complaint with denials and affirmative defenses, and took discovery, all before moving some eight months after the complaint had been filed to compel arbitration of one of the claims against them. The Second Circuit found that the plaintiff had been insufficiently prejudiced to establish waiver.

■ In this case, as in *Rush*, Yampol's answer on the merits and delay in demanding arbitration do not establish the type of prejudice that justifies a finding of waiver. No important steps were taken by either party between the filing of the answer and service of Yampol's arbitration demand. *See Rush*, 779 F.2d at 889. Apparently no discovery took place during that period, and the only activity was the plaintiff's motion for leave to file a third amended complaint, which Yampol opposed in a letter. Since a motion to dismiss a complaint on the merits does not waive the right to arbitrate, *id.* at 888, such a letter, even

though it does not raise the right to arbitrate, does not waive the right either.

### B. *New York Action*

■ Nor can Graphic demonstrate prejudice in the sense required for a waiver of arbitration from Yampol's prosecution of the New York action. *See Becker v. Silverman*, 638 F.Supp. 193, 197–98 (S.D.N.Y. 1986). Contrary to Graphic's contention, Yampol has not sought the same relief in the New York action as he seeks in arbitration. His claims in the New York action are based on the 1981 Agreement, as settled in 1985–86, while in arbitration he seeks relief under the 1970 Agreement.[1] Since Yampol filed his arbitration demand on the same day on which he filed his complaint in the New York action, Graphic has been able to plan and carry out its litigation activity with full understanding that the claims arising out of the 1970 Agreement are not directly at issue in the New York action.

In suing on the 1981 Agreement, which apparently has no arbitration provision, and in seeking arbitration on the 1970 Agreement, which does have a provision for arbitration, Yampol cannot be said to have waived any rights. Since the 85–86 Settlement of the 1981 Agreement purports to amend the 1970 Agreement, the issues in the two proceedings will undoubtedly overlap. But under *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), this is not a sufficient reason to stay arbitration.

Finally, I note that defendants have not yet filed an answer in the New York action. "[U]nder federal law the filing of an action in a district court is not a waiver of the right to arbitrate, at least not before the defendant has answered on the merits." *Merrill Lynch, Pierce, Fenner & Smith,*

---

1. It is conceivable that Yampol could argue that he is entitled in the New York action to money damages or a declaratory judgment under the 85–86 Settlement for anticipatory breach of the 1970 Agreement. However, Yampol has not claimed that the 85–86 Settlement incorporated the 1970 Agreement, but merely that it amended it. Yampol's counsel has explained that Yampol is seeking no duplicative relief in the two proceedings. *See* Affidavit of Joseph T. McLaughlin, dated April 27, 1987. In light of that explanation, which is consistent with Yampol's complaint, and in light of my decision on this petition, Yampol will not be entitled in the New York action to any recovery under the 1970 Agreement.

*Inc. v. Lecopulos,* 553 F.2d 842, 845 (2d Cir.1977).

In short, Graphic has not established that Yampol has waived his right to arbitrate by his defense of the Delaware action or by his prosecution of the New York action. Nor has Graphic demonstrated from the combination of the two the kind of prejudice necessary to warrant a finding of waiver.

## CONCLUSION

This petition to stay arbitration is denied. The temporary restraining order entered in New York Supreme Court on March 31, 1987, and extended by stipulation between the parties, is dissolved.

Nothing in this opinion forecloses the parties from agreeing between themselves to consolidate their disputes in a single forum, or at least to reduce the number of forums from three to two.[2]

The Clerk is directed to enter judgment for respondent in accordance with this opinion.

SO ORDERED.

---

2. Graphic has moved to dismiss or stay the New York action because of the pendency of the prior Delaware action, or, in the alternative, to dismiss for failure to state a federal claim and for lack of diversity jurisdiction. Graphic's motion to stay discovery was denied orally from the bench on June 19, 1987. I will not decide the motion to dismiss or stay until the Delaware District Court, to which the Delaware action has been removed, decides Graphic's motion to remand that action to the Delaware state court. The parties apparently agree that the motions to dismiss for failure to state a claim and for lack of jurisdiction should not be decided until it is clear in which court these claims will be heard.