**GRAPHIC SCANNING CORP.,**
**Petitioner-Appellant,**

v.

**Barry YAMPOL, Respondent–Appellee.**

**No. 1258, Docket 88–7190.**

United States Court of Appeals,
Second Circuit.

Argued June 14, 1988.

Decided July 1, 1988.

Mitchell J. Auslander, New York City (Gerald Kerner, Beverly A. Willett, Sabrina E. Allan, Willkie Farr & Gallagher, New York City, of counsel), for petitioner-appellant.

Jennifer Freeman, New York City (Joseph T. McLaughlin, Robert F. Dobbin, Edward Han, Jane E. Martindell, Siobhan E. Moran, Alan S. Goudiss, Shearman & Ster-

ling, New York City, of counsel), for respondent-appellee.

Before OAKES, MESKILL and PIERCE, Circuit Judges.

PIERCE, Circuit Judge:

In March 1987, Barry Yampol brought suit in the United States District Court for the Southern District of New York against his former employer, Graphic Scanning Corp. ("Graphic"), which he had served as Chairman and Chief Executive Officer until May 1986, when he resigned pursuant to a settlement of a proxy contest for corporate control. His complaint alleged that Graphic breached certain stock option and incentive compensation agreements, particularly a 1986 agreement settling a dispute about Yampol's share of Graphic's new business ventures. In addition to filing suit, during March 1987, Yampol served notice of his intention to arbitrate certain other disputes concerning his entitlement to retirement benefits under a 1970 written agreement.

Thereafter, on March 31, 1987, Graphic initiated a proceeding in New York State Supreme Court, New York County, pursuant to N.Y.Civ.Prac.L. & R. § 7503(b), seeking to stay the arbitration proceedings commenced by Yampol. Yampol removed the state court proceeding to the federal district court in the Southern District of New York, where both Yampol's breach of contract suit and Graphic's suit to stay arbitration were assigned to Judge Miriam Goldman Cedarbaum. On January 13, 1988, the district judge denied Graphic's petition for a stay of arbitration, *Graphic Scanning Corp. v. Yampol*, 688 F.Supp. 857 (S.D.N.Y.1988), and this appeal ensued.

Graphic contends that the claims that Yampol seeks to arbitrate are intertwined both with his breach of contract action which is pending before Judge Cedarbaum and with a shareholders' derivative action against Yampol and former directors of Graphic which is pending before the federal district court in Delaware. Graphic argues that these are related actions, and that by participating as a litigant in each, Yampol waived his right under New York law to pursue arbitration. Before we ad-

dress the merits of this challenge, however, we must determine whether we have jurisdiction to decide this appeal.

█ It is well settled that we have no jurisdiction to entertain challenges to an order in a pending case that would resolve a choice-of-forum dispute without conclusively terminating all proceedings in the district court. *See, e.g., McDonnell–Douglas Fin. Corp. v. Pennsylvania Power & Light Co.*, 849 F.2d 761, 764 (2d Cir.1988) (denial of motion to compel arbitration); *Poriss v. Aaacon Auto Transport, Inc.*, 685 F.2d 56, 59 (2d Cir.1982) (denial of stay of litigation pending arbitration); *Standard Chlorine of Delaware, Inc. v. Leonard*, 384 F.2d 304, 306–07 (2d Cir.1967) (grant of stay pending arbitration). *Accord Gulfstream Aerospace Corp. v. Mayacamas Corp.*, —— U.S. ——, 108 S.Ct. 1133, 1136–38, 99 L.Ed.2d 296 (1988). Ordinarily, while an order that either grants or denies a stay of arbitration is not appealable, *Greater Continental Corp. v. Schechter*, 422 F.2d 1100, 1102 (2d Cir. 1970), an order that compels the parties to pursue arbitration, and that leaves no matter pending before the district court, is an appealable final order. *Manning v. Energy Conversion Devices, Inc.*, 833 F.2d 1096, 1102 (2d Cir.1987). The instant case presents a hybrid situation.

█ Graphic sought to stay arbitration by commencing a separate proceeding rather than by making an application in Yampol's existing breach of contract action. The district court's ruling on that application is embodied in a final judgment that terminates all proceedings in Graphic's removed action. Unlike *Schechter* and the other choice-of-forum cases noted above, where the court still had to decide the merits of the dispute between the parties, the district court herein has nothing further to decide, since a stay of arbitration was the only relief sought. But Judge Cedarbaum has yet to adjudicate the related breach of contract action, and a litigant should not necessarily be able to create appellate jurisdiction merely by presenting its application to stay arbitration as an independent proceeding under a docket number different from that governing the

underlying dispute. Indeed, if Graphic is correct in its contention that the subject matter of the arbitration claim is subsumed within the subject matter of the breach of contract action in the district court, then the application to stay arbitration would seem to be indistinguishable from a motion made in a case still pending on the merits, over which we lack appellate jurisdiction, *see Schechter*, 422 F.2d at 1102.

However, the district court determined that the subject matter of the claim that Yampol seeks to arbitrate is different from those claims that he seeks to litigate. Judge Cedarbaum then carefully reinforced this decision by barring Yampol from recovering in his breach of contract action on any claim that is the subject of his arbitration claim. *Graphic Scanning Corp. v. Yampol*, 688 F.Supp. at 860 n. 1. In so doing, the court conclusively separated the two disputes: with respect to those claims that it permitted Yampol to arbitrate, nothing further is left for the court to decide. We agree with the district court that the claims are distinguishable, and consequently, on the facts presented, the court's decision permitting arbitration is an appealable final order. *See Manning*, 833 F.2d at 1102.

■ Addressing the merits of the application to stay arbitration, the district court first determined that, notwithstanding a choice of New York law provision contained in the disputed 1970 employment agreement between Graphic and Yampol, federal law applies to the question of arbitrability since the contract in question affects interstate commerce. It then concluded that under federal law, Yampol had not waived his right to pursue arbitration since Graphic had not demonstrated any prejudice arising from the litigation that had already ensued in the Delaware action and in Yampol's breach of contract action in New York.

Graphic disputes both of these conclusions, but we find no merit in its arguments. The employment contract plainly "evidenc[es] a transaction involving interstate commerce," *see* 9 U.S.C. § 2 (1982), since it contains a restrictive covenant that limits Yampol's business activities in New York, New Jersey and Connecticut, and

since Graphic is a Delaware corporation headquartered in New Jersey, some of whose activities are regulated by the Federal Communications Commission. The question of arbitrability is therefore governed by federal law. *See Southland Corp. v. Keating*, 465 U.S. 1, 12, 104 S.Ct. 852, 859, 79 L.Ed.2d 1 (1984). Because of the strong federal policy in favor of arbitration, *see Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983), a party must demonstrate prejudice before it can defeat efforts to resolve a dispute through arbitration. *Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2d Cir.1985). Graphic has not made such a showing.

For these reasons, and substantially for the reasons stated by the district court, the judgment is affirmed.