Filed 5/14/24  Macfadden v. Sotheby's International Realty CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| PATRICIA JEAN MACFADDEN et al., | B318882 |
| Plaintiffs and Respondents, | Los Angeles County Super. Ct. No. 19STCV07265 |
| v. | |
| SOTHEBY'S INTERNATIONAL REALTY, INC. et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Michelle Williams Court, Judge.  Affirmed.

Manning & Kass Ellrod, Ramirez, Trester, Fredric W. Trester and Steven J. Renick for Defendant and Appellant Sotheby's International Realty, Inc.

Wilson, Elser, Moskowitz, Edelman & Dicker, Martin K. Deniston, Valeria Granata and Robert Cooper for Defendant and Appellant Guy Miracle.

Machtinger Law, John Machtinger; The Salem Law Firm and Edmond E. Salem for Plaintiffs and Respondents.

_____

## SUMMARY

Defendants Sotheby's International Realty, Inc. and Guy Miracle appeal from an order denying Sotheby's motion to compel arbitration. The trial court found Sotheby's waived its right to arbitration, citing the unexplained delay of more than two years after the complaint was filed before demanding arbitration, as well as two demurrers, a successful motion to strike punitive damages, an answer to the complaint that did not raise an affirmative defense of arbitration, and extensive discovery.

Defendants appealed, contending principally that plaintiffs were not prejudiced by their conduct.

Several months after the trial court's ruling, the United States Supreme Court decided that federal courts may not "condition a waiver of the right to arbitrate on a showing of prejudice." (*Morgan v. Sundance, Inc.* (2022) 596 U.S. 411, ___ [142 S.Ct. 1708, 1712-1713] (*Morgan*); see also *id.* at p. 1713 ["the FAA's [Federal Arbitration Act's] 'policy favoring arbitration' does not authorize federal courts to invent special, arbitration-preferring procedural rules"].)

Because the enforceability of the arbitration agreement in this case is governed by the FAA (9 U.S.C.S. § 1 et seq.), we agree with precedents concluding that federal law supplies the law on waiver. Consequently, no showing of prejudice was required. And even if prejudice were a necessary element, we would conclude the trial court did not err in finding defendants waived arbitration.

## FACTS

Plaintiff Patricia Macfadden, and later a trust she created, owned a home in Hollywood. (We refer to Ms. Macfadden and the trust collectively as plaintiff.) Defendant Sotheby's is a licensed real estate broker that employed defendant Guy Miracle, a licensed real estate agent. Plaintiff sued defendants and others,

including plaintiff's daughter Jennifer Macfadden, in connection with the sale of plaintiff's Hollywood home, alleging elder abuse and breach of fiduciary duty. The substance of the lawsuit is that plaintiff was coerced to sell her house for less than market value, while defendants knew and had previously arranged for the buyer to immediately sell the property to another interested purchaser for a substantially larger amount.

In connection with the transaction, plaintiff signed a listing agreement with a separate arbitration agreement, as well as a purchase agreement with an arbitration clause. Both agreements stated that enforcement of the arbitration agreement "shall be governed by the Federal Arbitration Act."

Plaintiff sued defendants on February 28, 2019. Defendants filed a motion to compel arbitration well over two years later, on September 13, 2021. During this time, the parties engaged in litigation.

On April 15, 2019, plaintiff filed a first amended complaint (FAC).

On June 24, 2019, defendants filed a case management statement, stating they were unwilling to participate in binding private arbitration.

On July 29, 2019, defendants filed a demurrer to the FAC, and a motion to strike plaintiff's punitive damages claim.

On December 18, 2019, the case was restored to the civil active list after some confusion over the dismissal of one of the defendants on May 8, 2019 (with the court apparently dismissing the whole case instead).

On January 23, 2020, defendants filed another case management statement, again stating they were not willing to participate in binding private arbitration.

On February 6, 2020, defendants filed another demurrer and motion to strike punitive damages.

On June 17, 2020, defendants filed a third case management statement, stating a third time they were not willing to participate in binding private arbitration.

On July 2, 2020, the trial court overruled the demurrer and granted the motion to strike punitive damages.

On July 20, 2020, defendants answered, and did not assert arbitration as an affirmative defense.

On August 7, 2020, defendants again filed a fourth case management statement, stating for the fourth time they were not willing to participate in binding private arbitration. Later that month, trial was scheduled for September 13, 2021.

There was, according to the trial court, "extensive written discovery," described in the following footnote.[1]

On May 3, 2021, the trial court, based on a stipulation by the parties, ordered a new trial date of April 4, 2022.

As mentioned, defendants moved to compel arbitration on September 13, 2021. Defendants gave no reason for the delay, but argued that none of the factors courts consider in assessing a claimed waiver of arbitration had been met, including that there was no showing the delay prejudiced plaintiff. Plaintiff's opposition contended otherwise, citing extensive discovery, 177 hours prosecuting the case plus an additional significant number

---

[1] According to a declaration from plaintiff's counsel, defendants' discovery requests consisted of form interrogatories, 21 special interrogatories, 44 requests for production of documents (two sets), to which plaintiff responded with 208 files totaling 321MB of data, and a six-page meet and confer letter. Plaintiff's requests were form interrogatories, 66 requests for production of documents (to which Sotheby's responded with 1,344 pages of documents), and a 10-page meet and confer letter, "and a negotiated Protective Order covering documents produced by Sotheby's."

of hours from cocounsel, and advancing a significant sum in costs for a real estate expert, in part to assist in an effort to reinstate plaintiff's punitive damages claim.

The trial court found, recounting the points stated at the outset, that Sotheby's waived its right to seek arbitration. The court acknowledged that participating in litigation of an arbitrable claim does not by itself waive the right to later seek arbitration, and quoted the six factors courts "must consider" in determining whether there has been a waiver. The court did not otherwise mention the prejudice factor.

Defendants filed timely notices of appeal.

## DISCUSSION

## 1. The Legal Background

Under *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*),[2] six factors are relevant to the waiver inquiry, one of them being whether the delay "affected, misled, or prejudiced" the opposing party. (*Id.* at p. 375, citing *St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1196 (*St. Agnes*).) The factors also include whether the party's actions are inconsistent with the right to arbitrate; whether the litigation machinery had been "substantially invoked" and the parties were well into lawsuit preparation; whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; and whether "important intervening steps" such as taking advantage of judicial discovery procedures not available in arbitration had taken place. (*Iskanian,* at p. 375.)

---

[2]    *Iskanian* was overruled on another ground in *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639, 662.

5

*St. Agnes* also observed that the presence or absence of prejudice from the litigation of the dispute " 'is the determinative issue under federal law' " and that in California, "whether or not litigation results in prejudice also is critical in waiver determinations."  (*St. Agnes, supra,* 31 Cal.4th at p. 1203.)

*Iskanian* and *St. Agnes* tell us that, " '[b]ecause merely participating in litigation, by itself, does not result in . . . waiver, courts will not find prejudice where the party opposing arbitration shows only that it incurred court costs and legal expenses.' " (*Iskanian, supra,* 59 Cal.4th at p. 377, quoting *St. Agnes, supra,* 31 Cal.4th at p. 1203.)  *Iskanian* further observed that some courts have interpreted *St. Agnes* "to allow consideration of the expenditure of time and money in determining prejudice where the delay is unreasonable," and others "have likewise found that unjustified delay, combined with substantial expenditure of time and money, deprived the parties of the benefits of arbitration and was sufficiently prejudicial to support a finding of waiver to arbitrate." (*Iskanian,* at p. 377, citing cases.)

## 2.    The Standard of Review

"In light of the policy in favor of arbitration, 'waivers are not to be lightly inferred and the party seeking to establish a waiver bears a heavy burden of proof.' [Citation.]  'Generally, the determination of waiver is a question of fact, and the trial court's finding, if supported by sufficient evidence, is binding on the appellate court.  [Citations.]  "When, however, the facts are undisputed and only one inference may reasonably be drawn, the issue is one of law and the reviewing court is not bound by the trial court's ruling." ' " (*Iskanian, supra,* 59 Cal.4th at p. 375; see *Spracher v. Paul M. Zagaris, Inc.* (2019) 39 Cal.App.5th 1135,

1138 ["Because this is not a case where 'only one inference may reasonably be drawn' from the underlying facts, we review the trial court's decision under a substantial evidence standard."].)

"The appellate court may not reverse the trial court's finding of waiver unless the record as a matter of law compels finding nonwaiver." (*Kokubu v. Sudo* (2022) 76 Cal.App.5th 1074, 1083.)

## 3.    Recent Developments

In *Morgan*, decided May 23, 2022, the high court held that no showing of prejudice is required in federal courts to establish waiver of the right to arbitrate. "[T]he Eighth Circuit was wrong to condition a waiver of the right to arbitrate on a showing of prejudice." (*Morgan, supra,* 596 U.S. at p. __ [142 S.Ct. at pp. 1712-1713].)

*Morgan* reasoned that a prejudice requirement "is not a feature of federal waiver law generally." (*Morgan, supra,* 596 U.S. at p. __ [142 S.Ct. at p. 1712]; see also *id.* at p. 1714 ["the usual federal rule of waiver does not include a prejudice requirement"].) And, "the FAA's 'policy favoring arbitration' does not authorize federal courts to invent special, arbitration-preferring procedural rules." (*Id.* at p. 1713.)

*Morgan* explained that the FAA "policy favoring arbitration" is "to make 'arbitration agreements as enforceable as other contracts, but not more so.'" (*Morgan, supra,* 596 U.S. at p. __ [142 S.Ct. at p. 1713].) The court continued: "Accordingly, a court must hold a party to its arbitration contract just as the court would to any other kind. But a court may not devise novel rules to favor arbitration over litigation. [Citation.] If an ordinary procedural rule—whether of waiver or forfeiture or what-have-you—would counsel against enforcement of an

7

arbitration contract, then so be it.  The federal policy is about treating arbitration contracts like all others, not about fostering arbitration."  (*Ibid.*; see also *id.* at p. 1714 [" 'The Supreme Court has made clear' that the FAA's policy 'is based upon the enforcement of contract, rather than a preference for arbitration as an alternative dispute resolution mechanism' "].)

After *Morgan,* the Court of Appeal in *Davis v. Shiekh Shoes, LLC* (2022) 84 Cal.App.5th 956 (*Davis*) held that "federal law supplies the law on waiver" in a case where—as here—the parties' agreement provided that the FAA governed the enforceability of the arbitration provisions of the agreement.  (*Id.* at pp. 963-964; see also *id.* at p. 963 ["where the FAA applies, whether a party has waived a right to arbitrate is a matter of federal, not state, law"].)

After describing *Morgan,* the *Davis* court noted *Morgan*'s conclusion that the waiver inquiry, stripped of its prejudice requirement, " 'would focus on [the defendant's] conduct,' namely by asking:  'Did [the defendant] knowingly relinquish the right to arbitrate by acting inconsistently with that right?' "  (*Davis, supra,* 84 Cal.App.5th at p. 966, quoting *Morgan, supra,* 596 U.S. at p. ___ [142 S.Ct. at p. 1714].)

**4.    Contentions and Conclusions**

Relying on *Morgan* and *Davis*, plaintiff contends that California courts must apply federal law when considering a waiver claim where, as here, the FAA governs the enforceability of the arbitration agreement.  And there were, plaintiff says, "sufficient grounds for the trial court's ruling regardless of the issue of prejudice."  We agree with plaintiff, and would in any event find prejudice on this record.

8

### a. Federal law on waiver applies

Sotheby's contends that *Davis* "is misinterpreting *Morgan*" in holding that federal law supplies the law on waiver in cases governed by the FAA. Sotheby's points out that the issue before the high court was "whether the FAA authorizes *federal* courts" to "create arbitration-specific variants of *federal procedural rules*, like those concerning waiver, based on the FAA's 'policy favoring arbitration.'" (*Morgan, supra,* 596 U.S. at p. __ [142 S.Ct. at pp. 1711, 1712], italics added.) Sotheby's observes the court specifically stated it was *not* addressing issues that had been raised by the *Morgan* parties in their briefing "about the role state law might play in resolving when a party's litigation conduct results in the loss of a contractual right to arbitrate," and "whether to understand that inquiry as involving rules of waiver, forfeiture, estoppel, laches, or procedural timeliness." (*Id.* at p. 1712.) Thus, Sotheby's contends, the high court "was discussing the issue of prejudice solely in the context of federal court proceedings."

The context in *Morgan* was indeed a federal court proceeding. But in this case, the parties expressly agreed to enforcement of their arbitration agreement under federal law, and the only question is whether federal law on waiver applies.

Sotheby's relies on cases stating the FAA's procedural provisions apply only in federal courts (see, e.g., *Swissmex-Rapid S.A. de C.V. v. SP Systems, LLC* (2012) 212 Cal.App.4th 539, 544 ["The FAA's substantive provisions are applicable in state as well as federal court, while the FAA's procedural provisions apply only to proceedings in federal court"; finding § 9 of the FAA ("[a]ward of arbitrators; confirmation; jurisdiction; procedure") was procedural]). Sotheby's distinction between substantive and

9

procedural provisions is inapt. Waiver is a matter relating to arbitrability, not a question whether a particular provision of the FAA is procedural or substantive.

This case, unlike *Swissmex*, involves the circumstances under which a defendant may be deprived of its right to arbitrate a dispute. It is a question that implicates the fundamental issue of arbitrability—whether an arbitrator or the court will decide the case. Both state and federal precedents have held that federal law governs the inquiry into whether a party has waived its right to arbitration.

*Danny's Construction Co., Inc. v. Birdair, Inc.* (W.D.N.Y. 2000) 136 F.Supp.2d 134 states the rule succinctly. After observing that "[c]ourts may infer a waiver of a party's right to arbitrate only under certain circumstances," the court rejected both parties' reliance on New York state law, stating that "it is federal law, not state, that governs the inquiry into whether a party has waived its right to arbitration." (*Id.* at p. 142.) The court cited *Graphic Scanning Corp. v. Yampol* (2d Cir. 1988) 850 F.2d 131, which tells us why this is so. There, the Second Circuit found that, notwithstanding a choice of New York law, the contract clearly evidenced a transaction involving interstate commerce (citing the FAA), and "[t]he question of arbitrability is therefore governed by federal law." (*Graphic Scanning,* at p. 133.) And under federal law, the defendant had not waived his right to arbitration. (*Ibid.*)

While federal law applied in *Graphic Scanning* because the contract affected interstate commerce, here the parties expressly agreed to enforcement under the FAA. Accordingly, the same result ensues: arbitrability is governed by federal law. (Cf. *Victrola 89, LLC v. Jaman Properties 8 LLC* (2020)

10

46 Cal.App.5th 337, 342-343, 345-346 [where parties explicitly agreed to enforcement under the FAA, they incorporated the FAA's procedural provisions into their agreement, and the FAA governs whether the arbitration provision should be enforced].)

The point is further explained in *Sovak v. Chugai Pharmaceutical Co.* (9th Cir. 2002) 280 F.3d 1266 (*Sovak*). *Sovak* observed that parties "may agree to state law rules for arbitration even if such rules are inconsistent with those set forth" in the FAA. (*Sovak,* at p. 1269.) But parties "must clearly evidence their intent to be bound" by state law rules; "[i]n other words, the strong default presumption is that the FAA, not state law, supplies the rules for arbitration." (*Ibid.*) A general state choice-of-law clause "does not trump the presumption that the FAA supplies the rules for arbitration." (*Id.* at p. 1270.)

*Sovak* stated: "We further conclude that waiver of the right to compel arbitration is a rule for arbitration, such that the FAA controls. Rules for arbitration include principles that affect the 'allocation of power between alternative tribunals.' [Citation.] Waiver, in the arbitration context, involves the circumstances under which a party is foreclosed from electing an arbitration forum. Therefore, the question of whether a party has waived its right to compel arbitration directly concerns the allocation of power between courts and arbitrators. [Citation.] Accordingly, the FAA, and not Illinois law, supplies the standard for waiver." (*Sovak, supra,* 280 F.3d at p. 1270.)

California cases are in accord. (See *Davis, supra,* 84 Cal.App.5th at p. 963, described *ante,* at p. 8.) And *Davis* is not the only California case to hold that where the FAA applies, whether the right to arbitrate has been waived is a matter of federal law. So did *Aviation Data, Inc. v. American Express*

11

*Travel Related Services Co., Inc.* (2007) 152 Cal.App.4th 1522. *Aviation Data* rejected a claim that, because the action was filed in a state court, "the issue regarding waiver or abandonment of arbitration is governed by New York law." (*Id.* at p. 1535.) The court pointed out that "the parties specified that the arbitration provision is governed by the FAA." (*Ibid.*) *Aviation Data* relied on the rationale stated in *Sovak* that " '[w]aiver of the right to compel arbitration is a rule for arbitration, such that the FAA controls.' " (*Aviation Data,* at p. 1535.) The court concluded that "[t]herefore, 'it is federal law, not state, that governs the inquiry into whether a party has waived its right to arbitration.' " (*Ibid.*)

We agree with these authorities, which (except for *Davis*) defendants do not mention. Sotheby's could have provided for enforcement in accordance with California law, and in that case defendants might reasonably question what effect *Morgan* has in such cases. Indeed, our Supreme Court is reviewing a case presenting the issue whether California's test for determining whether a party has waived its right to compel arbitration remains valid after the *Morgan* decision. (*Quach v. California Commerce Club, Inc.* (2022) 78 Cal.App.5th 470, review granted Aug. 24, 2022, S275121.) But that is not this case; the Court of Appeal opinion in *Quach* contains no mention of the FAA. This is a case like *Davis,* where federal law directly controls. (*Davis, supra,* 84 Cal.App.5th at p. 966, fn. 5.)

Unlike Sotheby's, defendant Miracle concedes that the FAA applies to this case and that prejudice is no longer required to establish waiver under the FAA. He contends ordinary state contract law on waiver governs the analysis. Under state contract law, waiver requires an existing right, knowledge of that right, "and the party's 'actual intention to relinquish the right.' "

12

(*Lynch v. California Coastal Com.* (2017) 3 Cal.5th 470, 475 (*Lynch*).) That principle, however, does not change the result here. Mr. Miracle contends the evidence was "equally consistent with Miracle's theory that other reasons (including the undisputed Covid shutdown) resulted in the delay in seeking arbitration." But there was no evidence the COVID-19 shutdown had any role in delaying this case, and Mr. Miracle does not identify any "other reasons" causing the delay. And he ignores *Lynch*'s further explanation that "[t]he intention may be express, based on the waiving party's words, or implied, based on conduct that is ' "so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." ' " (*Id.* at p. 475.)

### b. The factors other than prejudice support waiver

Defendants contend that, even without considering the prejudice issue, none of the other factors courts use in determining waiver support the trial court's waiver finding in this case. We cannot agree. Defendants acted inconsistently with the right to arbitrate. They litigated two demurrers, they eliminated a claim for punitive damages, they did not assert a right to arbitration as an affirmative defense, and they repeatedly stated in case management statements that they were not willing to engage in binding private arbitration. They engaged in extensive written discovery. And they delayed for more than two years before seeking to stay the proceedings and compel arbitration, offering no reason for the lengthy delay. On this record, there is evidence both of an express intention not to arbitrate—as stated in defendants' case management statements—and an implied intention, "based on conduct that is

13

' "so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." ' " (*Lynch, supra,* 3 Cal.5th at p. 475.)

### c. Plaintiff established prejudice

Even if a finding of prejudice were a factor to be considered in this case, we would conclude that factor, too, has been established. Defendants argue plaintiff did not demonstrate prejudice because in this case the same discovery procedures were available in arbitration, and Sotheby's did not wait until the eve of trial to file its motion to compel, doing so almost seven months before the then-scheduled trial date. The trial court implicitly concluded otherwise, listing all the factors, including prejudice, that the court "must consider." Substantial evidence supports its conclusion.

*Iskanian* tells us that multiple cases have interpreted *St. Agnes* "to allow consideration of the expenditure of time and money in determining prejudice where the delay is unreasonable." (*Iskanian, supra,* 59 Cal.4th at p. 377, citing *Burton v. Cruise* (2010) 190 Cal.App.4th 939 (*Burton*) and other cases where the courts "have likewise found that unjustified delay, combined with substantial expenditure of time and money, deprived the parties of the benefits of arbitration and was sufficiently prejudicial to support a finding of waiver to arbitrate." (*Iskanian,* at p. 377, citing cases.)

Defendants make no effort to explain more than two years of delay, so the delay stands unjustified. (The trial court in *Davis, supra,* 84 Cal.App.5th at pp. 961-962, stated that the waiver issue came up at least once a month in its courtroom, and "I've never seen one that's as long as seventeen months.") One of plaintiff's lawyers spent 177 hours prosecuting the case,

14

representing a significant amount of time and money, and other lawyers were involved as well. As the court in *Burton* stated, "a petitioning party's conduct in stretching out the litigation process itself may cause prejudice by depriving the other party of the advantages of arbitration as an 'expedient, efficient and cost-effective method to resolve disputes.' [Citation.] Arbitration loses much, if not all, of its value if undue time and money is lost in the litigation process preceding a last-minute petition to compel." (*Burton, supra,* 190 Cal.App.4th at p. 948.)

Defendants stretched out the litigation process over years, not merely months, and filed what we view as a last-minute petition to compel, eliminating any conceivable advantages of arbitration. That amounts to prejudice sufficient, together with the other factors discussed by the trial court, to establish defendants' waiver of the right to compel arbitration.

## DISPOSITION

The order is affirmed. Plaintiff to recover costs on appeal.


GRIMES, Acting P. J.

WE CONCUR:



WILEY, J.



VIRAMONTES, J.

15