Thomas P. O'ROURKE, Plaintiff,

v.

COMMUNIQUE TELECOMMUNICATIONS, INC., Defendant.

Civ. A. No. 89-CV-71089-DT.

United States District Court, E.D. Michigan, S.D.

May 31, 1989.

Gary Colbert, Southfield, Mich., for plaintiff.

Thomas W. Cranmer, Bloomfield Hills, Mich., for defendant.

OPINION AND ORDER OF REMAND

DUGGAN, District Judge.

On February 27, 1987, plaintiff, a Michigan resident, brought this lawsuit in the Wayne County Circuit Court to recover, in part, wages and sales commissions allegedly owing him pursuant to a contract with defendant Communique Telecommunications, Inc. ("Communique"), a California

resident. Plaintiff's complaint also named Communique officer Richard Kughn, a Michigan resident, as a defendant.[1] On April 7, 1988, ten days before trial of the case was to begin, the circuit court granted defendant Kughn's motion for summary disposition, thereby dismissing defendant Kughn—the lone nondiverse defendant—from the lawsuit. A formal order of dismissal was entered on April 11, 1989. Invoking this Court's diversity jurisdiction, *see* 28 U.S.C. §§ 1332, 1441, defendant Communique petitioned for removal on April 10, 1989, citing 28 U.S.C. § 1446(b) as authority. Section 1446(b) provides, in part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Plaintiff moves to remand this matter to state court arguing that removal is improper where, as here, diversity is created by court order, not by *voluntary* dismissal of the nondiverse defendant. The Court agrees. See *In re Iowa Mfg. Co. of Cedar Rapids, Iowa*, 747 F.2d 462 (8th Cir.1984), cited by plaintiff, where the Court stated: "Removal is improper ... if the dismissal of [the] resident defendant was involuntary." *Id.* at 463.

■ Removal is also improper because defendant's Petition for Removal was not filed within one year after commencement of the action, contrary to section 1446(b), quoted above.[2] This case is a classic example of the situation which Congress intended to control by adding the "one-year" limitation to section 1446(b). It had been pending on the Wayne County Circuit Court docket for more than two years and was scheduled for trial on April 17, 1989. Ten days before the scheduled trial date, the circuit court summarily dismissed the nondiverse defendant, as has been noted. To require plaintiff, who has already waited more than two years to have his case come to trial, to effectively "begin" his lawsuit in the federal court, would be unfair to him and would undermine a goal of all courts, *i.e.*, to resolve disputes as quickly and as efficiently as possible. Contrary to defendant Communique's contention, plaintiff's Motion to Remand, filed within 30 days of the notice of removal, was timely. *See* 28 U.S.C. § 1447(c).

For the reasons set forth above,

IT IS ORDERED that plaintiff's motion is GRANTED and this cause REMANDED to the Wayne County Circuit Court.

---

1. Two other individuals were also included as party defendants. Voluntarily dismissed by plaintiff on April 3, 1989, and being of diverse citizenship, such individuals do not factor into this Opinion.

2. The one-year limitation was included in the Judicial Improvements and Access to Justice Act, Pub.L. 100–702, 102 Stat. 4669 (1988). Unlike other changes effected by the Act, the amendments to 28 U.S.C. §§ 1441, 1446 and 1447—the "removal" sections—are not accompanied by effective date provisions. In this Court's opinion, the removal amendments were effective as of November 19, 1988, when the President signed the Act.