**CRUCIBLE MATERIALS CORPORATION,**
Plaintiff,

v.

**COLTEC INDUSTRIES, INC., Defendant.**

**COLTEC INDUSTRIES, INC., Plaintiff,**

v.

**CRUCIBLE MATERIALS CORPORATION,**
Defendant.

Nos. 97–CV–479 (FJS), 97–CV–458 (FJS).

United States District Court,
N.D. New York.

Dec. 4, 1997.

Bond, Schoeneck & King, LLP (Thomas R. Smith, of Counsel), Syracuse, NY, for Coltec Industries, Inc.

Hancock & Estabrook, LLP (Alan J. Pierce, of Counsel), Syracuse, NY, for Crucible Materials Corp.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge.

### Introduction

Presently before the Court is a motion brought by Crucible Materials Corporation ("Crucible") to remand civil action 97–CV–479 to New York State Supreme Court pursuant to 28 U.S.C. § 1447(c). Also before the Court is a motion by Coltec Industries, Inc. ("Coltec") to consolidate civil action 97–CV–479 with civil action 97–CV–458 pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

### Background

In June 1993, Aetna Casualty & Surety Company ("Aetna") brought suit against Defendants Coltec and Crucible, among others, in New York State Supreme Court. The action was premised on the Co-defendants' alleged liability for environmental clean-up costs at numerous sites throughout the country. Both Crucible and Coltec filed initial cross claims against each other related to the allocation of their respective liabilities. On March 19, 1997, Crucible filed a motion in state court to serve an amended answer asserting four additional cross-claims against Coltec. While this motion was pending, Coltec filed a notice of removal with this Court purporting to remove to federal court only the four new cross-claims asserted by Crucible. Presently, Coltec moves to consolidate these claims with a pending federal action between the same parties. Crucible, in turn, moves to remand the four cross-claims back to state court for want of subject matter jurisdiction.

Both Crucible and the New York State Supreme Court have interpreted Coltec's notice of removal as removing the entire state court action. However, Coltec maintains that pursuant to its notice of removal, it has only removed four cross-claims from the underlying state action.

### Discussion

Coltec relies on 28 U.S.C. § 1441(a) for its statutory removal authority, and "diversity" as its jurisdictional basis for removal. *See* 28 U.S.C. § 1332. Coltec argues that the four cross-claims are a separate civil action from the other claims in the underlying state action, and as such are independently removable to federal court under § 1441(a). Additionally, Coltec asserts that there is diversity of citizenship between it and Crucible, and the amount in controversy exceeds $75,000.

Generally, the party attempting to remove a case against a motion to remand bears the burden of establishing the statutory and jurisdictional basis for removal. *See Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Pan Atlantic Group, Inc. v. Republic Ins. Co.,* 878 F.Supp. 630, 637 (S.D.N.Y.1995). Further, federal courts are required to construe the removal statute narrowly, with any doubts being resolved against removal. *See Somlyo v. J. Lu–Rob Enterprises, Inc.,* 932 F.2d 1043, 1046 (2d Cir.1991) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)). To determine whether an action is removable, the court must look to the plaintiff's

pleadings, as originally filed, to determine whether diversity is present. *See Gould v. Mutual Life Ins. Co. of New York,* 790 F.2d 769, 773 (9th Cir.1986) (citing *Self v. General Motors Corp.,* 588 F.2d 655, 657 (9th Cir. 1978)); *Luebbe v. Presbyterian Hosp., in City of New York at Columbia–Presbyterian Med. Ctr.,* 526 F.Supp. 1162, 1164 (S.D.N.Y. 1981).

In this action, Coltec has premised its removal on 28 U.S.C. § 1441(a). Section 1441(a) of the removal statute sets forth:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a) (1997). Thus, § 1441(a) permits removal of only those actions which could have originally been filed in federal district court. With respect to actions in which jurisdiction is premised on diversity of citizenship, *see* 28 U.S.C. § 1332, § 1441(a) is further limited by § 1441(b) which requires, in addition to complete diversity, that none of the Defendants be a citizen of the state in which the action is pending.[1] *See* 28 U.S.C. § 1441(b); *Coury v. Prot,* 85 F.3d 244, 252 (5th Cir.1996).

If the Court adopts the position of Crucible and the state court that Coltec can only properly remove the entire state action, the action is not removable under §§ 1441(a) and 1332 because it is undisputed that complete diversity of the parties does not exist. As stated, however, Coltec maintains that the four cross-claims can be removed as a "separate civil action," pursuant to § 1441(a), and that because diversity of citizenship exists as to those cross-claims, removal is proper. Coltec cites to *Crump v. Wal–Mart Group Health Plan,* 925 F.Supp. 1214 (W.D.Ky.

1996), *Hill ex rel. Pleasant Green Enterprises, Inc. v. Maton,* 944 F.Supp. 695 (N.D.Ill. 1996), and . *Salei v. Boardwalk Regency Corp.,* 913 F.Supp. 993 (E.D.Mich.1996), as authority entitling it to remove only a portion of an action where the removed claims can be considered a "separate civil action" from the remaining portions of the state action.

In *Crump v. Wal–Mart Group Health Plan,* a state court severed several cross-claims brought by a defendant against an intervenor plaintiff, and re-aligned the parties as plaintiff and defendant, respectively. 925 F.Supp. at 1216. Thereafter, defendant removed the severed action to federal court alleging both federal question and diversity jurisdiction. *See id.* at 1217. Upon a motion to remand by the re-aligned plaintiff, the court found that with respect to the separate action created by the state court, the parties were diverse and removal jurisdiction was proper. *See id.* at 1219. The court noted, however, that absent the severance by the state court of the original defendant's cross-claims, no removal jurisdiction existed because there was not complete diversity among the original parties. *See id.* In the present case, there has been no creation of a separate action by the New York State Supreme Court. *Crump* did not involves a situation in which a party unilaterally decided to sever certain claims and create a separate action. Thus, *Crump* offers no support for Coltec's position.

In *Hill ex rel. Pleasant Green Enterprises, Inc. v. Maton,* defendants removed an action to federal court which included both underlying state law claims, and an intervenor complaint based on federal law. 944 F.Supp. at 697. Upon a motion to remand by the intervenor plaintiff, the district court retained jurisdiction over the federal claim finding that the intervenor complaint was separate, independent, and unrelated to the state law claims, remanding the rest of the action back to state court. *See id.* at 698. *Hill* is distinguishable from case at bar for several reasons. First, the removing party in *Hill* removed the *entire state action* to

---

1. Section 1441(c) applies only to removal based on federal question jurisdiction and is not at issue in this action. *See* 28 U.S.C. § 1441(c);

*Kiefer v. State Farm. Mut. Ins. Co.,* 918 F.Supp. 164, 167 (E.D.La.1996).

federal court. Second, the district court was authorized pursuant to § 1441(c) to retain jurisdiction over the "separate and independent" federal claim, and remand the remaining state claims back to state court. In contrast, Coltec seeks to unilaterally separate part of an action by removal, and asks the Court to retain jurisdiction over that part premised on *diversity* jurisdiction. Thus, *Hill* provides no authority for Coltec's actions, nor does *Salei v. Boardwalk Regency Corp.*, where again the district court retained a federal question claim and remanded two state law claims after the entire action had been removed to federal court. 913 F.Supp. at 1011.

■ The Court can find no authority, statutory or otherwise, which allows a defendant in an otherwise non-diverse state action to manufacture diversity jurisdiction by removing only part of an action. Section 1441(a) clearly does not permit such a maneuver, nor is there authority to split an action under § 1441(c) absent a "separate and independent" *federal question*. 28 U.S.C. § 1441(c) (1997). As the Court must construe the removal statute strictly and resolve all doubts in favor of remand, the Court grants Crucible's motion to remand this matter back to New York State Supreme Court, Onondaga County.

Additionally, because the Court is remanding civil action 97–CV–479, Coltec's motion to consolidate is denied as moot.

### Conclusion

Having considered the parties' submissions, the record, and the applicable law, it is hereby

ORDERED that the motion to remand brought by Crucible Materials Corporation is GRANTED, and civil action 97–CV–479 is REMANDED to New York State Supreme Court, Onondaga County. It is further

ORDERED that the motion to consolidate brought by Coltec Industries, Inc., is DENIED as moot.

**IT IS SO ORDERED.**