David YONKOSKY, and Mary
Yonkosky, Plaintiffs,

v.

Ricky HICKS, and Hornish
Bros. Inc., Defendants.

No. 04–CV–756S(F).

United States District Court,
W.D. New York.

Aug. 19, 2005.

Paul William Beltz, P.C., Stephen R. Foley, of Counsel, Buffalo, NY, for Plaintiffs.

Sliwa & Lane, Stanley J. Sliwa, of Counsel, Buffalo, NY, for Defendants.

## DECISION and ORDER

FOSCHIO, United States Magistrate Judge.

### *JURISDICTION*

This case was referred to the undersigned by Honorable William M. Skretny on September 23, 2004, for nondispositive motions. The matter is presently before the court on Plaintiff's motion, filed October 18, 2004, to remand the action to New York Supreme Court (Doc. No. 7).[1]

---

1. The undersigned considers a matter of remand as not dispositive as it resolves only the question of whether there is a proper basis for federal jurisdiction to support removal and does not reach a determination of either the merits of a plaintiff's claims or defendant's defenses or counterclaims. Following the decision on remand, the parties may prosecute such claims or defenses, including related dispositive motions, if any, in whichever court the decision may direct the action to proceed. *Holt v. Tonawanda Coke Corp.*, 802 F.Supp. 866 (W.D.N.Y.1991); *Acme Electric Corp. v. Sigma Instruments. Inc.*, 121 F.R.D. 26 (W.D.N.Y.1988). *See Mahl Bros. Ins. Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 307 F.Supp.2d 474, 478 (W.D.N.Y.2004) (Arcara, C.J.) (denying under 28 U.S.C. § 636(b)(1)(A), plaintiff's objections to undersigned's decision denying motion to remand as not "clearly erroneous or contrary to law."). Should, however, the District Judge disagree, *see, e.g., In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir.1998) (holding motion to remand action to state court was dispositive as such motion conclusively determines whether a federal forum is available to address the dispute), then the undersigned's finding regarding the motion to remand should be treated as a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

### BACKGROUND and FACTS [2]

Plaintiffs David Yonkosky ("Yonkosky") and his wife, Mary Yonkosky ("Mary Yonkosky") (together, "Plaintiffs"), both New York residents, commenced this personal injury action against Defendants Ricky Hicks ("Hicks"), an Ohio resident, and Hornish Bros., Inc. ("Hornish"), an Ohio corporation (together, "Defendants"), on May 11, 2004 in New York Supreme Court, Erie County. Specifically, Plaintiffs seek monetary damages for personal injuries suffered by Yonkosky, and a loss of consortium claim by Mary Yonkosky, as a result of a motor vehicle accident on August 7, 2003, in Hamburg, New York. A copy of the Summons and Complaint was served on Hornish, the owner of the truck involved in the accident, on May 19, 2004, and on Hicks, the driver of the truck, on May 29, 2004. According to Defendants, as the Complaint fails, in accordance with New York Civil Practice Law and Rules ("N.Y. Civ. Prac. L. & R.") [3] § 3017(c) (" § 3017(c)"), to specify the amount of damages Plaintiffs seek, Defendants, on June 15, 2004, served Plaintiffs' attorney, Stephen R. Foley, Esq. ("Foley") with a Request for Supplemental Demand for Relief ("Demand for Relief Request") pursuant to § 3017(c) seeking an itemization of the monetary relief to which Plaintiffs claim they are entitled.

Defendants filed an answer to the Complaint and served Plaintiffs with an omnibus discovery demand on June 18, 2004. On September 9, 2004, Defendants' attorneys received from Foley the requested Demand for Relief pursuant to § 3017(c), indicating that amount of damages sought by Plaintiffs exceeds $ 75,000.

On September 17, 2004, Defendants removed the action to this court, asserting complete diversity of the parties, and a damage claim exceeding $ 75,000, as the basis for federal jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal ("Removal Notice") (Doc. No. 1) ¶ 5. Plaintiffs, on October 18, 2004, moved to remand the action to New York Supreme Court, Erie County, and an award of the costs and expenses incurred as a result of the removal (Doc. No. 7).[4] The motion is supported by the attached Affirmation of Stephen R. Foley, Esq. in Support of Plaintiffs' Motion to Remand ("Foley Affirmation"), and exhibits A through E ("Plaintiffs' Exh. ___"). On November 11, 2004, Defendants filed the Affidavit of Stanley J. Sliwa, Esq. in Opposition to Motion to Remand (Doc. No. 9) ("Sliwa Affidavit"), and a Memorandum of Law Submitted by Defendants in Opposition to Plaintiffs' Motion to Remand (Doc. No. 10) ("Defendants' Memorandum"). On November 22, 2004, Plaintiffs filed, in further support of remand, the Reply Affirmation of Stephen R. Foley, Esq. (Doc. No. 11) ("Foley Reply Affirmation"). On January 10, 2005, Defendants filed in further opposition to remand the Sur–Reply Affidavit of Stanley J. Sliwa, Esq. (Doc. No. 16) ("Sliwa Sur–Reply Affidavit").[5],[6] Oral argument was deemed unnecessary.

---

**2.** The statement of facts is taken from the pleadings and motion papers filed in this action.

**3.** Unless otherwise specified, references to N.Y. Civ. Prac. L. & R. are to McKinney 2003.

**4.** Plaintiffs' motion to remand was originally filed on October 14, 2004 (Doc. No. 6), but was refiled on October 18, 2004 to comply with signature requirements of the court's

case management/electronic court filing ("CM/ECF") rules.

**5.** The Sliwa Sur–Reply Affidavit was originally filed on January 7, 2005 (Doc. No. 14), but was refiled on January 10, 2005 to comply with signature requirements.

**6.** By letter to the undersigned dated July 11, 2005, Mr. Sliwa complained that while the instant motion has been pending before the

Based on the following, the motion to remand is DENIED.

## DISCUSSION

Removal of a state court proceeding to federal court is provided for under 28 U.S.C. § 1441(a) which states in pertinent part:

any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Here, Defendants removed the instant action to this court pursuant to 28 U.S.C. § 1332(a), which provides for original jurisdiction in district courts where there is complete diversity of the parties and "where the matter in controversy exceeds the sum or value of $ 75,000 ...." Removal Notice ¶ 5. Plaintiffs, in moving to remand the matter to New York Supreme Court, do not contest that both the diversity of citizenship and amount in controversy requirements of 28 U.S.C. § 1332(a) have been met, but contend that the removal of the action more than 30 days after the action was filed violated 28 U.S.C. § 1446(b). Foley Affirmation ¶¶ 13–14.

Defendants argue in opposition to remand that because the Complaint did not specify the amount of monetary damages sought, Defendants were not able to legitimately remove the action to this court until after Plaintiffs served a Demand for Relief, pursuant to a request Defendants served on Plaintiffs' attorney on June 15, 2004, in accordance with § 3017(c). Sliwa

---

court, discovery in this action has ceased because Mr. Foley refuses to participate in discovery until the instant motion is decided and requested a conference with the court to establish a discovery schedule for the case. The court notes that this is not the first time Mr. Sliwa has written to the undersigned to complain that a plaintiff moving for remand was frustrating his attempt to obtain discovery while the remand motion was pending before the court. Counsel is advised that such letter requests for judicial intervention are disfavored. Counsel's attention is also directed to Fed.R.Civ.P. 81(c), which provides that the Federal Rules of Civil Procedure govern upon removal of an action to federal district court, including Fed.R.Civ.P. 26 pertaining to discovery. *See Mroz v. City of Tonawanda*, 999 F.Supp. 436, 449 (W.D.N.Y.1998) ("[A]fter removal, questions of procedure are governed by federal law."). Initial disclosure in a federal civil case is required of the parties prior to entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b), Fed.R.Civ.P. 26(a), and may be compelled by motion. Fed.R.Civ.P. 37(a)(2)(A). Moreover, discovery may, as relevant, proceed upon a court order or agreement of the parties, notwithstanding the lack of entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b). *See* Fed.R.Civ.P. 26(d)(a). *See also Semitool, Inc. v. Tokyo Electron*

*America*, Inc., 208 F.R.D. 273, 275–77 (N.D.Cal.2002) (limited expedited discovery prior to Rule 26(f) conference permitted upon demonstrating good cause); Advisory Committee Note 2000 Amendments to Rule 26(d) ("The amendments remove the prior authority to exempt cases by local rule from the moratorium on discovery before the subdivision (f) conference."); Steven Baicker-Mckee, William M. Janssen, John B. Corr, Federal Civil Rules Handbook 613 (Thomson–West) (2005). The pendency of a remand motion does not interdict such potential disclosure and discovery. *See Wind v. Eli Lilly & Co.*, 814 F.Supp. 305, 308–09 (E.D.N.Y.1993) (noting applicability of Federal Rules of Civil Procedure to action removed from state court to resolve discovery dispute despite pending motion to remand). Thus, if in a removed case subject to a pending remand motion, a party wishes to obtain required disclosures or to exercise any discovery devices available under the Federal Rules of Civil Procedure, absent agreement of the opposing party, a motion to the court for an order compelling such disclosure or permission to exercise particular discovery devices is the proper step, not an attorney's letter implying judicial tardiness, to the party's alleged detriment, in failing to act more promptly upon the remand motion.

Affidavit ¶ 5. As Plaintiffs failed to timely respond to the Demand for Relief Request within the 15 days specified by § 3017(c), Defendants' attorney wrote Plaintiffs' attorney several letters requesting the Demand for Relief, including letters dated June 18, 2004, July 1, 2004 and July 29, 2004. Sliwa Affidavit ¶¶ 8, 10 and 11, and Defendants' Exhs. 2, 3 and 4. When Plaintiffs' attorney failed to respond to any of the three letters and also failed to provide Defendants with the requested Demand for Relief, Defendants, on August 23, 2004, served Plaintiffs with a Notice of Motion filed in New York Supreme Court seeking, *inter alia,* an order directing Plaintiffs to provide Defendants with a Demand for Relief. Sliwa Affidavit ¶¶ 12–13 and Exhs. 6 and 7. Subsequently, Plaintiffs forwarded the Demand for Relief, along with a cover letter dated September 7, 2004. Sliwa Affidavit ¶ 14. Mr. Sliwa received the letter and Demand for Relief on September 9, 2004, in an envelope bearing the United States Postal Service cancellation date stamp indicating the documents were mailed on September 8, 2004. Sliwa Affidavit ¶ 14 and Foley Affirmation Exh. 4 to Exh. E. According to the Demand for Relief, the amount of monetary damages sought by Plaintiffs are $ 1.5 million for Yonkosky's injuries, and $500,000 for Mary Yonkosky's injuries. Demand for Relief[7] ¶¶ 1 and 2. Defendants thus maintain it was not until September 9, 2004 that Defendants were aware of the amount in controversy established that the federal diversity jurisdictional threshold for the action had been met thus triggering removal to this court. Defendants' Memorandum at 1; Sliwa Affidavit ¶ 17.

Plaintiffs argue in further support of remand that after serving the Demand for Relief Request, Defendants "thereafter did absolutely nothing to attempt to obtain a response." Foley Reply Affirmation ¶ 6. According to Foley, Defendants delayed moving to compel the Demand for Relief because Defendants "have taken the bizarre position [ ] that they can merely sit on their hands and wait indefinitely, for months and even years, all the while enjoying the benefits of engaging in state court discovery and then 'spring' a removal petition at such time as a damage amount is later supplied." Foley Reply Affirmation ¶ 6. Plaintiffs also maintain that Defendants never advised that they were awaiting the Demand for Relief so as to determine whether there was diversity jurisdiction supporting a change in forum, suggesting that had Plaintiffs been aware that Defendants intended to remove the action, Plaintiffs would have promptly provided the Demand for Relief. *Id.* ¶ 8. Furthermore, Plaintiffs assert that although it is not apparent from the face of the Complaint that Plaintiffs' injuries would support damages meeting the federal diversity jurisdictional threshold, the allegations of the Complaint nonetheless sufficiently demonstrate, for purposes of starting the required 30 day period for filing a removal petition, that the case's value exceeds $ 75,000. *Id.* ¶¶ 12–14.

Defendants, in further opposition to remand, reiterate that Defendants made several requests by letter for the Demand for Relief before resorting to filing a motion on August 23, 2004 to compel Plaintiffs to provide the Demand for Relief. Sliwa Sur–Reply Affidavit ¶ 9. Defendants maintain no legal authority supports the relevance to the merits of the instant motion of Plaintiffs' suggestion, Foley Reply Affirmation ¶ 8, that the Demand for Relief would have been provided sooner had Plaintiffs known that Defendants intended to remove the action to this court. *Id.*

---

**7.** A copy of the Demand for Relief is attached as Exh. 5 to Exh. E of the Foley Affirmation.

¶ 12. Defendants challenge Plaintiffs' assertion that by measuring the statutory time for removal from the date Defendants received the Demand for Relief, rather than from the original filing of the Complaint, as would ordinarily be the case, Defendants could indefinitely postpone removal, by pointing to the fact that 28 U.S.C. § 1446(b) precludes removal on the basis of diversity jurisdiction more than one year after the Complaint has been filed. *Id.* ¶ 13. Finally, Defendants object to Plaintiffs' contention that the Complaint's allegations could have been "interpreted" as reflecting that the amount in controversy exceeds $ 75,000, as the relevant allegations are too vague to reasonably establish that the jurisdictional threshold has been met and, further, Plaintiffs' failure to comply with Defendants' discovery requests,[8] left Defendants without any information, such as Yonkosky's medical records, from which Defendants could ascertain the extent of Plaintiffs' claimed damages. *Id.* ¶¶ 14–15.

■■■■ Because federal courts are courts of limited jurisdiction, and as removal of a case raises issues of federalism, removal statutes are narrowly construed with doubts resolved against removal. *Somlyo v. J. Lu–Rob Enterprises, Inc.*, 932 F.2d 1043, 1045–46 (2d Cir.1991). The removal statute is construed according to federal law. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Somlyo, supra,* at 1047. Whether an action is removable based on diversity jurisdiction is determined upon the pleadings as originally filed. *Crucible Materials Corporation v. Coltec Industries, Inc.*, 986 F.Supp. 130 131–32 (N.D.N.Y.1997). Accordingly, 28 U.S.C. § 1441(a) permits removal of only those actions which originally could have been filed in federal district court. *Id.*

■■■■ It is the removing party's burden to demonstrate the existence of federal jurisdiction. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir.2000) (citing *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994) ("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper . . . .")). More specifically, a defendant who seeks to remove an action to federal court on the basis of federal diversity jurisdiction has the burden of proving that it appears "to a reasonable probability" that the claimed amount in controversy exceeds the statutory jurisdictional threshold. *Mehlenbacher, supra,* at 296 (citing *United Food, supra,* at 305).

■■■■ A case becomes removable only when the initial pleading "enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, the defendant can make a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a)." *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 205–06 (2d Cir.2001) (quoting *Richstone v. Chubb Colonial Life Ins.*, 988 F.Supp. 401, 403 (S.D.N.Y.1997)) (internal quotation marks and bracketed text omitted). "A pleading enables a defendant to intelligently ascertain removability when it provides the necessary facts to support [the] removal petition." *Whitaker, supra,* at 206. Further, "where removal is based upon diversity, the facts required to support the removal

---

8. Defendants have not moved in this court nor, so far as the record shows, in state court prior to removal on September 17, 2004, to compel Plaintiffs to respond to the discovery requests.

petition include the amount in controversy and the address of each party." *Id.* (citing *Day v. Zimmer Inc.*, 636 F.Supp. 451, 453 (N.D.N.Y.1986)). Nevertheless, "[w]hile this standard requires a defendant to apply a reasonable amount of intelligence in ascertaining removability, it does not require a defendant to look beyond the initial pleading for facts giving rise to removability." *Id.* (citing *Rowe v. Marder*, 750 F.Supp. 718, 720 (W.D.Pa.1990)("a defendant must be able to ascertain easily [from the pleading] the necessary facts to support his removal petition.") (bracketed text in original), *aff'd*, 935 F.2d 1282 (3d Cir. 1991), and *Foster v. Mutual Fire, Marine & Island Ins. Co.*, 986 F.2d 48, 54 (3d Cir.1993) ("the relevant test is not what the defendants purportedly knew, but what [the document] said.")).

■ The procedural for removing an action from state court is found in 28 U.S.C. § 1446 which, as relevant to the instant case, includes a thirty day period in which to accomplish removal, as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant . . . .
>
> *If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable,* except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of this action.

28 U.S.C. § 1446(b) (" § 1446(b)") (italics added).

According to Defendants, had Plaintiffs timely responded to the Demand for Relief within 15 days as required by § 3017(c), Defendants would have been able to remove the action within the statutory 30 days under § 1446(b). Defendants' Memorandum at 6. In support of its argument, Defendants rely on the language within § 1446(b) permitting the removal of an action within thirty days after a supplemental filing establishing a jurisdictional basis for removal, as well as related caselaw. *Id.* at 6–13.

Prior to 2003, N.Y. Civ. Prac. L. & R. § 3017(a) (" § 3017(a)"), required that every complaint filed in New York State Supreme Court "contain a demand for the relief to which the pleader deems himself entitled," except for medical and dental malpractice actions and actions against municipal corporations where such damages are *not* to be stated. N.Y. Civ. Prac. L. & R. § 3017(a) and (c) (McKinney 1991). Under New York caselaw, such "relief" need not specify the amount of damages sought. *Silvestris v. Silvestris*, 24 A.D.2d 247, 265 N.Y.S.2d 173, 178 (2d Dep't 1965). A defendant to a medical or dental malpractice action and municipal corporations, however, are permitted to, "at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. Civ. Prac. L. & R. § 3017(c) (McKinney 1991). Upon receiving a request for a demand for relief, "[a] supplemental demand shall be provided by the party bringing the action within fifteen days of the request." *Id.* Further, if the supplemental demand is not timely served by the party bringing the action, "the court, on motion, may order that it be served." *Id.*

In 2003, § 3017(c) was amended and the category of actions for which the amount of damages to which the pleader deems himself entitled is not to be stated was expanded to include personal injury and wrongful death actions, such as the instant case. § 3017(c). The defendant to a personal injury or wrongful death action, notwithstanding, is also permitted to request a supplemental demand specifying the amount of damages sought in the action and the party bringing the action is required to provide the demand within 15 days, or the defendant may seek a court order directing such demand be served. *Id.* The amendment of § 3017(c), however, created a quandary whereby a defendant to a personal injury or wrongful death action, in which 28 U.S.C. § 1332's diversity of citizenship requirement was met, would be unable to determine upon the face of a complaint whether the amount in controversy threshold was also satisfied to support removal based on the federal diversity jurisdiction requirements of § 1332.

Courts within the Second Circuit have construed general allegations within a complaint that a plaintiff suffered serious and permanent personal injuries as insufficient to enable a defendant "to intelligently ascertain removability," *Whitaker, supra,* at 206, that there is a "reasonable probability," *Mehlenbacher, supra,* at 296, that the $ 75,000 federal diversity jurisdictional threshold has been met. *See, e.g., Gonzalez v. Rajkumar,* 2005 WL 1593008, *3–4 (S.D.N.Y. July 6, 2005) (complaint's allegation that plaintiff suffered a "serious injury" and demanded "a sum of money having present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in the matter," along with allegation of damage to plaintiff's vehicle in the amount of $ 6,3941.41, and request for costs and disbursements in the action failed to estab-lish the amount in controversy exceeded $ 75,000 to support federal diversity jurisdiction and it was not until defendant received plaintiff's § 3017(c) demand for relief, alleging $ 10 million in damages, that the 30–day period in which to remove was triggered); *Robins v. Harb,* 2005 WL 976526, * (W.D.N.Y. Apr.26, 2005) (remanding action to state court as plaintiff's allegation in complaint that she had received a "serious injury" was insufficient to support federal diversity jurisdiction, and the plaintiff had not provided any supplemental demand for relief pursuant to § 3017(c), and stating in *dicta* that "because this Court has determined that the Complaint did not contain all the facts necessary to support removal, plaintiff's response to a request for a supplemental demand— assuming *arguendo* that it demonstrates an amount-in-controversy that satisfies the jurisdictional requirement— would constitute an 'other paper from which it may first be ascertained that the case is one which is or has become removable.' ") (quoting § 1446(b); *Setlock v. Renwick,* 2004 WL 1574663, *1–2 & n. 9 (W.D.N.Y. May 21, 2004)) (remanding personal injury action where, pursuant to § 3017(c), complaint contained no *ad damnum* clause, and allegations that plaintiff "was injured in and about her body and limbs and was rendered injured and disabled for a considerable period of time and continues to be so" were insufficient to establish a "reasonable probability" that plaintiff's claim exceeded the $ 75,000 jurisdictional amount, but also noting that "[w]hether . . . a request for a supplemental demand tolls the time for removal is an issue left for future consideration."); and *Vasquez v. J.M. Products, Inc.,* 2004 WL 1124646, *2 (S.D.N.Y. May 20, 2004) (holding allegations of complaint that plaintiffs "sustained serious personal injuries," and that each plaintiff "was severely and permanently burned and injured, has sought medical care and treat-

ment, has … sustained pain and suffering and has been damaged in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action," insufficient to trigger 30–day clock in which to remove state personal injury action; rather, 30–day period for removal was properly measured from date defendant was shown photographs of plaintiff's injuries).

In contrast, in *James v. Gardner*, 2004 WL 2624004, * 4 (E.D.N.Y.2004), the court, in considering a motion to remand a personal injury action in which the complaint contained no *ad damnum* clause, looked outside the pleadings to other evidence in the record from which the court determined that the plaintiff's medical records, apparently submitted by the defendant in opposing remand, showing the plaintiff sustained a herniated disc, a bulging disc, central disc herniation, an Achilles tendon tear, partial tears of the knee meniscus, synovitis of the knee and condromalacia lateral tibial condyle, established "a reasonable probability that the amount in controversy exceeds $ 75,000," and denied the motion to remand for lack of diversity jurisdiction. In looking outside the complaint to the plaintiff's medical records contained in the record, the court relied on *United Food, supra,* at 305, in which the Second Circuit stated that "[w]here the pleadings themselves are inconclusive as to the amount in controversy … federal courts may look outside those pleading to other evidence in the record."

Here, Plaintiffs, relying on *James, supra,* assert that even in the absence of an *ad damnum* clause, "it was readily apparent from the face of the complaint that the amount in controversy in this case exceeds the statutory minimum". Foley Reply Affirmation ¶ 18. In particular, Plaintiffs assert Defendants could have concluded from the Complaint's allegations that Yonkosky "suffered '*severe, permanent* and *painful*

injuries, *internal as well as external,* by reason of which he has been and will be compelled to expend *large sums of money* for medical bills' and '*will be incapacitated from performing his usual duties* **for a long period of time,**'" Foley Reply Affirmation ¶ 12 (underlining and bolding in original), the fact that such injuries were sustained in a collision between Yonkosky's vehicle and Defendants' tractor trailer, and that Mary Yonkosky also has a loss of consortium claim for loss of her husband's services, that the jurisdictional threshold for diversity jurisdiction would be met. Foley Reply Affirmation ¶¶ 12–14.

The court finds the allegations of the Complaint regarding Plaintiffs' injuries and damages too vague to provide the requisite "reasonable probability" that the jurisdictional threshold has been met. In fact, the allegations that Yonkosky suffered "severe, permanent and painful injuries, internal as well as external, by reason of which he has been and will be compelled to expend large sums of money for medical bills" and "will be incapacitated from performing his usual duties for a long period of time," are very similar to the allegations in *Setlock, supra,* at *1, that the plaintiff "was injured in and about her body and limbs and was rendered injured and disabled for a considerable period of time and continues to be so," as well as in *Vasquez, supra,* at *2, that the plaintiffs "sustained serious personal injuries," and that each plaintiff "was severely and permanently burned and injured, has sought medical care and treatment, has … sustained pain and suffering and has been damaged in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action." Significantly, as discussed, *supra,* at *11, in *Setlock, supra,* despite such allegations, the action was remanded to state court for lack of sufficient evidence establishing federal diversity jurisdiction,

whereas in *Vasquez, supra,* the court determined whether the action was timely removed by measuring the 30–day removal period from the date the defendant received photographs depicting the severity of the plaintiff's injuries to satisfy the required amount of damages for diversity jurisdiction. In contrast, in the instant case, nothing in the record demonstrates the severity of Yonkosky's injuries, such as photographs, as in *Vasquez, supra,* or medical records, as in *James, supra.* Presumably, such information was available to Plaintiffs and would reasonably have been tendered in support of Plaintiffs' remand motion. Of course, in that case, Plaintiffs may have severely limited their recovery to avoid removal, but by exposing the true extent of Plaintiffs' damages, thereby undercutting a reason to avoid removal, Plaintiffs are in no worse position than they would have been in prior to the 2003 amendment to § 3017(c) prohibiting, in personal injury cases, a demand for damages amount in the complaint. Accordingly, the court finds that until Defendants received Plaintiffs' Demand for Relief on September 9, 2004, both the allegations of the Complaint and the other evidence in the record were insufficient to establish a "reasonable probability" that plaintiff's claim exceeded the $ 75,000 jurisdictional amount. As such, Defendants' removal of the action to this court on September 17, 2004 occurred within 30 days of Defendants' receipt on September 9, 2004 of "other paper from which it may first be ascertained that the case in one which is or has become removable," *i.e.,* Plaintiffs' Demand for Relief. 28 U.S.C. § 1446(b). *See Vasquez, supra,* at *2.

Nor is there any merit to Plaintiffs' argument that Defendants' "have taken the bizarre position [ ] that they can merely sit on their hands and wait indefinitely, for months and even years, all the while enjoying the benefits of engaging in state court discovery and then 'spring' a removal

petition at such time as a damage amount is later supplied." Foley Reply Affirmation ¶ 6. Rather, § 1446(b) specifically prohibits the removal of any action based on federal diversity jurisdiction more than one year after the complaint has been filed. In fact, that Congress found it necessary to include the one year absolute bar to removal based on diversity jurisdiction demonstrates that Congress, in enacting § 1446(b), envisioned there would be situations in which the removability of an action would not be evident from the complaint as originally filed. Moreover, many litigators in this court will be surprised to learn that the "benefits" of discovery available to defendants in state court exceed those available in federal court. Additionally, as discussed, Discussion, *supra,* at 3 n. 6, the applicable Federal Rules of Civil Procedure do not bar disclosure and discovery from proceeding pursuant to court order or stipulation pending decision on a remand motion.

Finally, Plaintiffs reference no statute or case law supporting the suggestion that Defendants should have advised Plaintiffs that Defendants intended to remove the action to this court upon determining that federal diversity jurisdiction supporting the change of forum existed, Foley Reply Affirmation ¶ 8, and the court's research reveals none. In any event, the court fails to understand how such an intention is at all relevant to questions of removal and remand. Accordingly, this argument is also rejected as without merit.

### CONCLUSION

Based on the foregoing, Plaintiffs' motion to remand (Doc. No. 7) is DENIED.

SO ORDERED.